(No. 27055.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROSA WEDGE, Plaintiff in Error.

*Opinion filed May 20, 1943.*

JESSE MARCUS, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, of counsel,) for the People.

Mr. Justice Smith delivered the opinion of the court:

Plaintiff in error sued out the writ of error in this case to review a judgment of the Appellate Court for the First District. She was charged in a complaint filed with a justice of the peace, with violating the Motor Vehicle Act, by failing to observe a stop sign. The stop sign was located at the intersection of Roosevelt road and Westchester boulevard, in the village of Westchester. On a trial by jury in the justice court, she was found guilty and fined $5 and costs. From the judgment of the justice on the verdict of guilty, plaintiff in error perfected an appeal to the criminal court of Cook county. In that court a jury was waived. The cause was tried before the court without a jury. The court found plaintiff in error guilty, as charged in the complaint, and likewise imposed a fine of $5. The costs, amounting to $5, were also taxed against her. Plaintiff in error then sued out a writ of error from the Appellate Court for the First District to review the judgment of the criminal court of Cook county. That court affirmed the judgment of conviction.

The errors relied upon in this court are that the trial court admitted and considered improper evidence and that the evidence was not sufficient to establish her guilt beyond a reasonable doubt.

The evidence shows that plaintiff in error, at the time in question, conducted a tavern on Roosevelt road. On the day the alleged offense was commited, she left her tavern at about 3:30 A.M., driving her automobile. She was accompanied by one Ted Bowden. Bowden was described by her as a guitar player, who evidently made his livelihood by playing a guitar in her tavern, and passing the hat. As she drove north on Westchester boulevard, she passed the police station of the village of Westchester. The chief of police observed her as she passed the station. He claimed she was driving at a high rate of speed. He, together with

one Bullock, got in a squad car and followed her. They were unable to overtake her until about the time she reached Roosevelt road, where the stop sign was located. They both testified she did not stop. This was also testified to by a witness by the name of John Parker. Parker was a ticket agent at the elevated station. He was at the intersection of Westchester boulevard and Roosevelt road at the time it is alleged plaintiff in error ran the stop sign. Both plaintiff in error and her escort denied this testimony.

The only other testimony in the record is the testimony of witnesses by whom plaintiff in error attempted to prove that the chief of police, who made the arrest and filed the complaint, was prejudiced against her and had been watching her for some time, in an effort to find an excuse to make a charge against her. This evidence, if true, was not conclusive. There was ample evidence in the record, disregarding the testimony of the chief of police, to establish the guilt of plaintiff in error beyond a reasonable doubt.

It is contended, with apparent seriousness, by counsel for plaintiff in error, that it was error to admit testimony concerning the speed at which plaintiff in error was driving before she reached the boulevard stop. The testimony shows that from the time she passed the police station until she reached the stop sign in question, the chief of police was following her in the squad car. He testified that she was driving fifty or fifty-five miles per hour for a distance of some two blocks before she reached the stop sign. It is this evidence which plaintiff in error claims was improperly admitted and improperly considered by the court. It is always proper to admit proof of facts and circumstances attendant upon the arrest where such facts and circumstances logically tend, in any degree, to show the commission of the crime charged. (*People* v. *Carson,* 341 Ill. 11.) The evidence complained of clearly comes within the rule. This evidence was, therefore, proper to be admitted and

to be considered by the court. The guilt of plaintiff in error, however, was clearly established, disregarding this evidence.

The record in this case consists of more than one hundred pages. The printed abstract of the record consists of forty-four pages. The brief and reply brief of plaintiff in error cover some twenty-six pages. The fine was $5 and the costs taxed were $5, as shown by the record of the trial court. Both the case and the contentions made are frivolous in the extreme. Neither the amount of the fine and costs, nor any question or principle involved in the case justified even the review in the criminal court. Such frivolous litigation should not be encouraged to take the time of either the trial courts or the courts of review. There is no error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*