(No. 35629—

Ruth McCormack, Appellant, *vs.* Wayne T. Haan *et al.* —(Neil M. Foulds, Admr., Appellee.)

*Opinion filed September 29, 1960.*

SOLFISBURG, J., took no part.

BULL, LUDENS & POTTER, of Morrison, and JOHN C. PIGNATELLI, of Sterling, (ROBERT H. POTTER, of counsel,) for appellant.

DIXON & GUNNER, of Dixon, (WILLIAM R. GUNNER, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff brought this action to recover for personal injuries she sustained while riding as a guest in a car driven by her brother-in-law, Patrick L. McGann. The McGann car was struck by a car owned by Thomas Haan and driven by his minor son, Wayne T. Haan. Of the four occupants of the McGann car, only the plaintiff survived. The defendants were the two Haans and Neil M. Foulds, administrator of the estate of Patrick L. McGann. The jury returned a verdict of not guilty as to the Haans and a verdict of $15,000 for the plaintiff against the administrator.

Judgment was entered upon both verdicts. The administrator appealed from the judgment against him, and the plaintiff cross-appealed from the judgment in favor of the Haans. The Appellate Court held that the abstract did not properly present the errors relied upon by the plaintiff in

her cross-appeal against the Haans, and affirmed the judgment in their favor. No question concerning that aspect of the case is now before us. Upon the administrator's appeal, the Appellate Court held that "the testimony of plaintiff constituted binding judicial admissions which made it the duty of the trial court to direct a verdict in favor of the defendant administrator" and reversed the judgment. (*McCormack* v. *Haan,* 23 Ill. App. 2d 87, 98.) We allowed the plaintiff's petition for leave to appeal.

The McGann car was proceeding through an intersection when it was struck by the Haan car which entered the intersection from the left. The Haan car was traveling at 60 to 65 miles an hour on a preferential highway. The entrance to this highway from the road on which the McGann car was traveling was controlled by a stop sign. At the time of the accident this stop sign was so located that it was necessary to advance beyond it toward the highway in order to have an unobstructed view.

During the course of the trial, the plaintiff unequivocally testified that McGann stopped between the stop sign and the highway. She testified that she was riding in the right front seat, that she looked to the right and said "clear right" and that McGann looked to the left and then proceeded slowly across the intersection. An occupant of the Haan car testified that the McGann car was going at the same speed as the Haan car, and that it "did not decrease its speed as it came up to the intersection but it seemed to have hesitated in the intersection." Two other occupants of the Haan car testified. Neither of them saw the McGann car stop, but they agreed that it was moving very slowly. One of them testified, "As we approached the intersection it pulled out in front of us."

The complaint alleged, in the alternative, four acts of wilful and wanton misconduct on the part of McGann. It charged that he failed to stop before entering a preferential

highway, failed to keep a proper lookout, entered a preferential highway without first ascertaining whether it was safe to do so, or failed to yield the right of way to the Haan automobile. On cross-examination, the language of the complaint containing these four allegations was read to the plaintiff, and she was asked, "Are those the charges that you made in this complaint against the administrator of the car (sic) in which you were riding?" She answered "No."

We are of the opinion that the Appellate Court erred in concluding, on the basis of this testimony, that the trial court should have directed a verdict against the plaintiff and in favor of the administrator. From the entire cross-examination of the plaintiff the trial court and the jury could have concluded, as we do, that by her answer the plaintiff meant only to reiterate her previous statement that McGann had stopped his car before entering the intersection. Even if we assume that the plaintiff's testimony conclusively establishes that McGann stopped his car at a place where he had a clear view of approaching traffic on the preferential highway, and that plaintiff looked to the right and McGann looked to the left, it does not follow that he was exonerated from responsibility for the accident. It was his duty to ascertain whether or not it was safe to enter the protected intersection, and if it was not reasonably safe to do so, he should have yielded the right of way to the oncoming vehicle. The jury could find that his failure to do so was wilful and wanton misconduct. *Hering* v. *Hilton,* 12 Ill. 2d 559.

Of course a party may, by his own testimony, conclusively bar his claim or his defense. But a determination that he has done so depends upon an evaluation of all of his testimony, and not just a part of it. It depends, too, upon an appraisal of his testimony in the light of the testimony of the other witnesses and a consideration of their respective opportunities to observe the facts about which

they testify. McCormick on Evidence, pp. 513-516; 9 Wigmore on Evidence, 3rd ed., sec. 2594(a).

The judgment of the Appellate Court for the Second District is reversed, and the cause is remanded to that court with directions to pass upon the other questions raised upon the administrator's appeal.

*Reversed and remanded, with directions.*

Mr. JUSTICE SOLFISBURG took no part in the consideration or decision of this case.