MILDRED HASKETT, Plaintiff-Appellee, v. LEWIS BAKER, Defendant-Appellant, (PAUL M. DANIELS, Defendant.)

(No. 11478;

Fourth District—October 8, 1971.

Craig & Craig, of Mattoon, (Jack E. Horsley and Richard F. Record, Jr., of counsel,) for appellant.

Harlan, Heller, Ryan and Heller, of Mattoon, for appellee.

Mr. PRESIDING JUSTICE SMITH, delivered the opinion of the court:

Plaintiff was a passenger in the car of the defendant Baker when it was involved in an intersection collision with a car of the defendant Daniels. Her driver was charged with wilful and wanton misconduct and the defendant Daniels was charged with ordinary negligence. The jury returned a verdict finding the defendant Daniels not guilty and the defendant Baker guilty. Judgment was entered on these verdicts and the defendant Baker alone appeals. He contends that under the rule in *Pedrick v. Peoria & Eastern RR. Co.*, 37 Ill.2d 494, 229 N.E.2d 504, the defendant's motion for directed verdict should have been allowed since such a verdict is appropriate when it may be said that the evidence viewed most favorably to the plaintiff so overwhelmingly favors the defendant that no contrary verdict based on the evidence would ever stand. We affirm the trial court.

Baker was proceeding in an easterly direction as he approached a preferential highway protected by stop signs. Plaintiff was a passenger in the front seat of his car. The defendant Daniels was proceeding north on the preferential highway with a passenger in his car. There is a dispute in the evidence as to whether Baker stopped at the stop sign. He and his passengers stated that they did; Daniels and his passenger stated otherwise. Both drivers were familiar with the intersection. The defendant Baker, 84 years old, testified that he stopped at the stop sign, looked in both directions and proceeded at three to five mph to cross the preferential highway. Plaintiff likewise testified that her driver stopped at the stop sign. The stop sign was 20 to 25 feet back from the edge of the pavement. Baker testified that at the stop sign he had unobstructed vision to his right or to the south for a distance of 500 feet, that he proceeded slowly without increasing his speed or turning his car in any direction and the front end of his car had reached the black line or a little over when the defendant Daniels struck him from the right. Daniels testified that he turned to the right at the time of the

collision and the evidence shows that the left front of Daniels' car struck the right front of the Baker car. There is no evidence in the record that the defendant Baker looked in either direction after he left the stop sign. Under these circumstances, we think the case law is squarely against the appellant's position that there was insufficient evidence to go to the jury. In *McCormack v. Haan*, 20 Ill.2d 75, 78, 169 N.E.2d 239, 240, where the facts are strikingly similar to the case at bar, the Supreme Court stated:

"Even if we assume that the plaintiff's testimony conclusively establishes that McGann stopped his car at a place where he had a clear view of approaching traffic on the preferential highway, and that plaintiff looked to the right and McGann looked to the left, it does not follow that he was exonerated from responsibility for the accident. It was his duty to ascertain whether or not it was safe to enter the protected intersection, and if it was not reasonably safe to do so, he should have yielded the right of way to the oncoming vehicle. The jury could find that his failure to do so was wilful and wanton misconduct. Hering v. Hilton, 12 Ill.2d 559, 147 N.E.2d 311."

The defendant lightly differentiates this case by stating that the Supreme Court was primarily concerned with the question of judicial admissions. This hardly seems a satisfactory answer to *Haan*. *Hering v. Hilton* involved a situation where the defendant looked, saw the approaching automobile, and concluded that he had time to cross the intersection. This, the defendant said, was an error of judgment and cannot be described as wilful and wanton misconduct. The Supreme Court held otherwise and held that labeling the conduct an error of judgment did not free it from the taint of wilful and wanton misconduct. In *Ritter v. Neiman*, 329 Ill.App. 163, 67 N.E.2d 417, the court stated:

"What is the purpose of a stop sign? Certainly, it does not signify that a motorist should stop, and then blindly proceed through a protected intersection without determining that he can do so with reasonable safety. The operator of a motor vehicle, when he stops at a preferred highway, should ascertain if he can proceed safely across such highway. If he can not, he should not enter it. Merely stopping some place near a stop sign does not necessarily discharge one's duty."

In *Ritter*, the defendant claimed that he looked but did not see the approaching vehicle and therefore could not be guilty of wilful and wanton misconduct. In *Hering*, the Supreme Court cited with approval the *Ritter* case and indicated that where one looks and does not see a vehicle that is patently present and visible he is guilty of wilful and wanton misconduct. So, it is here. In *Gaiennie v. Fringer*, 5 Ill.App.2d 403, 126 N.E.2d 38, it appeared that the defendant Fringer stopped at

a stop sign about 30 feet back from the travel portion of the highway. The court commented in that case that neither evidence nor argument explained the failure to look to the right or the left during the 30 feet or more she traveled after leaving the stop sign and before reaching the south edge of the paved portion. At that point, the passenger called her attention to the presence of the oncoming car and her contention was that there was a sudden emergency and that she was thus not responsible. The court did not accept this explanation, but stated that the creation of the emergency in that case was the fault of the defendant.

■ In this case, the defendant had a clear vision for 500 feet and he himself testified that he did not again look to the south as he approached the travel portion of the highway and then saw the defendant Daniels' car out of the corner of his eye about 100 feet away. He did nothing and stated that he thought the Daniels car was coming at a rate of 90 to 100 mph. Other testimony suggests 60 to 65. To hold that a verdict should have been directed here would permit one to be exonerated from wilful and wanton misconduct when he stops at a stop sign 25 feet back from the travel portion of the preferred highway. The driver knows he is approaching a protected highway. He knows traffic from the right has the right of way. He knows that the danger, if any, is at the pavement, not at the stop sign. Failure to utilize and act on that knowledge may be properly denominated by a jury as a conscious disregard for the safety of himself, his property and his passengers.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.