THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEBORAH J. PETERS, Defendant-Appellant.

(No. 13124;

Fourth District—October 30, 1975.

Marvin Gerstein, of UGSA/GSA Student Legal Service, of Urbana, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Frances C. Hulin, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant Deborah Peters was found guilty, after a bench trial, of failure to yield the right-of-way. The court fined her $5 plus $5 costs, a State's Attorney's conviction fee of $5 and per diem fee of $10. She appeals, contending that she was not proven guilty beyond a reasonable

doubt, and that assessment of the State's Attorney's per diem and conviction fees violates due process and equal protection.

■■ The statute Ms. Peters was convicted of violating provides that, after stopping at a stop sign, the driver must yield the right-of-way to any vehicle entering the intersection, or so close as to present an immediate hazard. (Ill. Rev. Stat. 1973, ch. 95½, § 11—904(b).) If a driver on the nonpreferential street is involved in a collision at the intersection, the collision is prima facie evidence of failure to yield. Ill. Rev. Stat. 1973, ch. 95½, § 11—904(d).

In traffic violation cases, as in any other criminal case, the State has the burden of proving guilt beyond a reasonable doubt (*People v. Wedge*, 383 Ill. 217, 48 N.E.2d 943).

The testimony was not recorded verbatim. It is presented to us in the form of a bystander's report. The only witness for the State was a Champaign police officer who arrived at the scene after the accident. The accident occurred at the intersection of Third and Healey in Champaign. Healey is a preferential one-way street, westbound. Traffic on Third Street is controlled by a stop sign. Defendant, alone in her car, was southbound on Third. Her car was damaged in the front, and the rear on both sides. A van, which was westbound on Healey, was damaged in front.

Defendant testified that she came to a complete stop but because of obstructions was unable to see traffic on Healey. She stated she used care and caution inching out onto Healey. Approximately one-third of the way into the intersection she saw a van approaching. The van was approximately 1½ to 2 car lengths away and was, she estimated, going 35 miles an hour. She tried to get across the intersection but was struck in the left rear.

In considering the sufficiency of the evidence, all the testimony may be considered since in criminal, as well as civil cases, a defendant waives the right to a directed verdict when he introduces evidence after the motion is denied. (*People v. Gokey*, 57 Ill.2d 433, 312 N.E.2d 637.) On review, we do not substitute our judgment as to the weight to be accorded the evidence for the judgment of the trial court. (*People v. Seibert*, 19 Ill.App.3d 451, 311 N.E.2d 604.) We find that the trial court's decision is supported by the evidence.

■■ The mere fact that the vehicle on the preferential street may have been exceeding the speed limit does not necessarily relieve the driver at the stop sign from the duty imposed by the statute. (*People v. Seibert.*) Defendant maintains that she used due care under the circumstances. However, defendant stated she first saw the approaching vehicle when it was only 1½ to 2 car lengths away and she was one-third of the way across the intersection. It would be reasonable for the trial court to

conclude defendant failed to keep a continuous lookout until she had an unobstructed view of any possible oncoming traffic. It was her duty to keep such a lookout under these circumstances. See *Hale v. Cravens*, 129 Ill.App.2d 466, 263 N.E.2d 593.

■■ Defendant next asserts that due process prohibits the assessment of the State's Attorney's per diem and conviction fees. Both these fees were assessed pursuant to statute (Ill. Rev. Stat. 1973, ch. 53, § 8). Defendant argues that the imposition of these fees tends to coerce guilty pleas since they are assessed only if a defendant pleads not guilty and is later convicted. That these fees cannot be imposed upon persons who plead guilty is by no means clear. In any event we hold that the imposition of these fees is clearly constitutional.

For the proposition that these fees lay an impermissible burden upon the exercise of constitutional rights to plead not guilty and to a jury trial, defendant cites *United States v. Jackson*, 390 U.S. 570, 20 L.Ed.2d 138, 88 S.Ct. 1209. In *Jackson*, the Supreme Court held unconstitutional those sections of the Federal Kidnapping Act which made the death penalty applicable only to those defendants who asserted their right to trial by jury. It can hardly be argued that the possibility of having to pay $15 has the same chilling effect as the possibility of receiving the death penalty. A more analogous case is *Fuller v. Oregon*, 417 U.S. 40, 40 L.Ed. 2d 642, 94 S.Ct. 2116. That case concerned a recoupment statute which provided that a defendant who had received free legal services might, under some circumstances, be liable for repayment. Defendant had argued that this might discourage one from exercising the constitutional right to counsel. The argument was soundly rejected. In the case at bar, there is a legitimate governmental interest in recovering the costs of the administration of justice and there is no denial of due process in doing so.

Defendant also presents an equal protection argument that the statute discriminates on the basis of wealth, citing *Griffin v. Illinois*, 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585. In addition to (1) not defining the class discriminated against (other than the vague use of terms like more able and less able to pay), and (2) totally failing to establish standing even as one "less able to pay," defendant does not establish a violation of the equal protection clause. Although the government could not constitutionally provide that defendants unable to pay court costs must plead guilty, such a situation is not present here. Her argument totally lacks merit. Accordingly the judgment of the circuit court of Champaign County is affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.