GARY E. FINLEY *et al.*, Plaintiffs-Appellants, v. MERCER COUNTY, Defendant-Appellee (The Village of Reynolds, Defendant).

Third District   No. 3—87—0430

Opinion filed July 13, 1988.

SCOTT, J., dissenting.

Raymond J. Conklin, of Braud/Warner, Ltd., of Rock Island, for appellants.

Janella Barbrow, Jay S. Judge, and Sarah Hansen Sotos, all of Judge & Knight, Ltd., of Park Ridge, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiffs appeal from a trial court order granting defendant Mercer County's motion for summary judgment. The trial court correctly determined that there were no genuine issues of material fact and we therefore affirm.

Plaintiffs Gary Finley and Joyce Meisinger brought this action to recover damages for injuries sustained in a motorcycle accident. They named Mercer County (County) and the Village of Reynolds (Village) as defendants. The complaint alleged that Finley, the driver of the motorcycle, and Meisinger, his passenger, were traveling north on County Highway 1, which is also known as West Front Street. They were approaching a "Y" intersection where Highway 1 curves to the northwest and a narrow gravel road joins it from the north. A stop sign facing north was posted at the intersection and requires traffic traveling south on the gravel road to stop before proceeding onto Highway 1.

In the complaint, the plaintiffs alleged that on the date of the accident, the stop sign was twisted so that it faced the northwest-bound traffic on Highway 1. They further alleged that when Finley observed the stop sign facing his lane of traffic, he attempted to stop and lost control of the motorcycle. They charged the County and Village with negligence because they knew or should have known that the sign was twisted and created an unsafe condition for motorists traveling north on Highway 1.

The Village of Reynolds filed a motion for summary judgment, which was allowed. That order is not an issue in this appeal.

Mercer County filed a motion for summary judgment and alleged

that, if the sign was improperly turned on the date of the accident, the County did not have actual or constructive notice of the condition and that there was no genuine issue of material fact with respect to the County's lack of notice. In its memorandum in support of its motion, the County noted that in his deposition, Finley testified that when he traveled through the intersection a week or two before the accident, the sign was not improperly turned. Similarly, in her deposition, Meisinger testified that she last traveled north through the intersection less than three months prior to the accident and the sign was not twisted at that time.

The plaintiffs filed a response in resistance to the motion for summary judgment and attached a copy of the deposition of Brian Neff, a friend of the plaintiffs', who was deposed after the County filed its motion for summary judgment. Neff testified that he was familiar with the road where the accident took place because he traveled the road with some frequency during the 12- to 18-month period prior to the accident. He stated that for as long as he could remember, that is, for the entire 12- to 18-month period before the accident, the stop sign which was intended for traffic traveling south on the gravel road was twisted so that it faced traffic traveling north on Highway 1. Neff further testified that he last traveled through the intersection within one month prior to the accident and the sign was twisted at that time. From Neff's testimony, the plaintiffs argued that the stop sign was improperly turned for up to a year and a half prior to the accident and that considering the length of time and the conspicuity of the defect, a jury could find that the County had constructive notice of the improperly positioned sign.

The court acknowledged that Neff's statement standing alone would have furnished a disputed issue of fact because one could infer that if the sign was twisted for a year before the accident, it remained in that position until the accident. However, the court noted also that Neff's statements conflicted with those of the plaintiffs which indicated that the stop sign was properly positioned during all of their previous trips on the road. After determining that the plaintiffs cannot establish a fact issue by relying on testimony which directly contradicts their own, the court found that no genuine issue of material fact existed and granted the County's summary judgment motion. On appeal, the plaintiffs argue that the trial court erred in granting summary judgment because the evidence presented a genuine issue of material fact regarding whether Mercer County had notice of the allegedly improperly positioned stop sign.

█ Summary judgment is properly granted when the pleadings,

depositions, and admissions on file, together with any affidavits submitted, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) The law is well settled that evidence is to be construed strictly against the moving party and liberally in favor of the opponent. To hold the County liable for the injuries sustained, the plaintiffs must prove that the County had actual or constructive notice of the existence of the twisted sign in a reasonably adequate amount of time prior to the accident to have taken measures to remedy the condition. Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a).

■ The plaintiffs concede that the issue of actual notice was not raised in the trial court. Accordingly, our only consideration is whether the County had constructive notice of the defective stop sign. The burden of proving notice is on the party charging it and constructive notice under section 3—102(a) is established where a condition has existed for such a length of time, or was so conspicuous, that authorities exercising reasonable care and diligence might have known of it. (*Buford v. Chicago Housing Authority* (1985), 131 Ill. App. 3d 235.) In attempting to satisfy this burden of proof, the plaintiffs have created an unavoidable paradox which is fatal to their case.

■ The theory underlying the plaintiffs' complaint is that they were surprised by the improperly positioned stop sign and that Finley's sudden attempt to stop the motorcycle resulted in an accident. To support this theory, both plaintiffs testified that they were familiar with the road where the accident occurred. Meisinger stated that she and Finley had traveled through the intersection 10 or 12 times previously, and traveled north through the intersection less than three months before the accident. She stated that on that last occasion, the stop sign was not twisted so that it faced northbound traffic. Finley twice testified that he had passed through the intersection many times and had never noticed the stop sign turned around. He testified further that he last traveled through the intersection possibly one or two weeks prior to the accident and that the sign was not then improperly positioned. Although Finley also stated, somewhat inconsistently, that he had only traveled north through the intersection and that he had never noticed the stop sign, his testimony was clear that on the day of the accident, he believed a new sign had been posted which required northbound traffic to stop. The plaintiffs' testimony necessarily attempted to establish the element of surprise to justify their sudden braking and loss of control.

■ However, to obtain a judgment against Mercer County, the

plaintiffs also had to prove that the County had constructive notice of the allegedly twisted sign. Therein lies the fatal paradox. The plaintiffs cannot establish that the defect existed for a sufficient time to give the County notice without contradicting their own testimony and undercutting the basic theory of their case. The plaintiffs rely heavily on the deposition testimony of Brian Neff, obtained after Mercer County filed its motion for summary judgment, to prove that the conspicuous, defective condition existed for at least one and a half years prior to the accident. The law is clear, however, that having made judicial admissions so adverse to their claims, the plaintiffs cannot effectively contradict them by attempting to adopt inconsistent evidence which might be produced by other witnesses. (*Hansen v. Ruby Construction Co.* (1987), 164 Ill. App. 3d 884.) The plaintiffs here cannot create an issue of material fact sufficient to defeat a summary judgment motion by producing deposition testimony which conflicts with their own statements.

Consequently, the plaintiffs are bound by their depositions, which state that they had traveled through the intersection on many occasions, with Finley traveling past the sign only one or two weeks prior to the accident, and until the day of the accident, they had never seen the sign turned so that it faced the northbound traffic. Without the conflicting testimony provided by Neff, there is no issue of material fact regarding the constructive notice issue. Therefore, the circuit court of Mercer County properly granted the County's motion for summary judgment and that order is affirmed.

Affirmed.

WOMBACHER, J., concurs.

JUSTICE SCOTT, dissenting:
Considering the procedural posture of this case, I respectfully dissent from the opinion of the majority.

This case comes on appeal pursuant to an order granting defendant/appellee summary judgment; therefore, all of the pleadings, affidavits and depositions on file must be viewed in a light most favorable to plaintiffs. (*Schuman v. Pekin House Restaurant & Lounge* (1981), 102 Ill. App. 3d 532, 430 N.E.2d 145.) Plaintiffs need not prove their case at this stage, but must present some facts which would arguably entitle them to a judgment under applicable law. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80.) The central question in this case is whether plaintiffs have presented any evidence which

would impute constructive notice upon the defendant of the defective condition of the stop sign. I believe they have.

Illinois case law indicates that constructive notice of an unreasonably safe condition of property maintained by a public entity is established when a condition has existed for such a length of time, or is so conspicuous, that authorities, by exercising reasonable care and diligence, might have known of it. (*Buford v. Chicago Housing Authority* (1985), 131 Ill. App. 3d 235, 476 N.E.2d 427.) In this case, the majority states that plaintiffs have made judicial admissions which contradict Neff's testimony and I agree that the testimony conflicts to a certain extent. Nonetheless, the evidence is to be viewed in a light most favorable to plaintiffs and, as such, some evidence has been presented which indicates the sign may have been in a defective condition for as long as two weeks. Moreover, considering the conspicuous nature of the stop sign in question, I am not willing to state, as a matter of law, that two weeks are insufficient to impute constructive notice upon defendant. I believe that is properly a question for a jury to decide.

Therefore, I would reverse the trial court's order granting defendant's motion for summary judgment and remand for further proceedings.