LARRY N. BRUMMET, Plaintiff-Appellant, v. MICHAEL J. FAREL, Defendant (Larry D. Brummet, Defendant-Appellee).

Fifth District   No. 5—90—0358

Opinion filed August 2, 1991.

LEWIS, J., dissenting.

Pratt & Callis, P.C., of Granite City, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, Dawn A. Sallerson, and Gary J. Bazydlo, of counsel), for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

The circuit court ruled that plaintiff made judicial admissions in a pretrial deposition, and on the strength of those admissions, granted summary judgment for defendant. We reverse, holding that the admissions were evidentiary, not judicial, admissions.

Plaintiff was injured while riding as a passenger in a truck driven by his father, defendant. The truck collided with a car driven by Michael Farel.

In support of his motion for summary judgment, defendant attached plaintiff's deposition testimony:

"Q. Do you know whether he [father] applied his brakes or not as he got over to the rail?

A. I really can't answer that. I really don't know.

Q. At any time before the impact between the two vehicles, did your dad's truck cross the center line?

A. No.

Q. So your recollection of this is your dad was in his own lane of traffic, this other car comes toward him and he pulls over to the right as far as he could go and there is an impact?

A. Yes.

Q. And the impact, as I understand what you are saying here, it occurred right along the east side of that northbound traffic; in other words, on the right-hand guard rail?

A. Yes.

\* \* \*

Q. And now I forgot to ask you one other thing. Do you see or do you claim that your father in driving the truck that evening and being in this accident did anything wrong?

A. No.

Q. He didn't do anything wrong?

A. No.

Q. His conduct and his driving had absolutely nothing to do with how the accident occurred, is that a true statement?

A. Yes."

In opposition to defendant's motion for summary judgment, plaintiff stated:

"A deposition was taken of Michael Farel on May 10, 1989 at that time, Mr. Farel stated, Pg. 13, 'I am heading southbound, And I noticed and everyone else noticed that—off in the distance that the headlights were coming, you know, it looked like the headlights were in our lane, you know, coming straight at us. And someone said from the back seat, you know, is this a one way street, cause this guy was coming straight in our lane.' 'The crest of the hill I could see clearly that the car was driving a straight line and in my lane. He was in the southbound lane coming north, completely within the confines of the lane. And I slowed at that point and veered as far as I could.' "

Plaintiff argues that there is conflict over who crossed the center line, precluding summary judgment.

We look to the pleadings, depositions, admissions, and affidavits to determine if there is an issue of material fact. Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.

Summary judgment is proper only where the evidence, when construed most strongly against the moving party, establishes clearly and without doubt the right thereto. (*Fisher v. Crippen* (1986), 144 Ill. App. 3d 239, 493 N.E.2d 1204, citing *Motz v. Central National Bank* (1983), 119 Ill. App. 3d 601, 456 N.E.2d 958.) Summary judgment is a drastic remedy and should be awarded with due care and caution. (*Rivan Die Mold Corp. v. Stewart Warner Corp.* (1975), 26 Ill. App. 3d 637, 325 N.E.2d 357.) In deciding whether to grant summary judgment, a court must construe the evidence strictly against the movant and liberally in favor of the opponent (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 415 N.E.2d 397); however, when defendant files a motion for summary judgment, plaintiff must oppose a motion for summary judgment with evidence of defendant's negligence. *Whitman v. Lopatkiewicz* (1987), 152 Ill. App. 3d 332, 504 N.E.2d 243.

The dispositive issue in this case is whether plaintiff's statements are judicial admissions.

A judicial admission is a (1) deliberate, (2) clear, (3) unequivocal, (4) statement of a party, (5) about a concrete fact, (6) within that party's peculiar knowledge. *Hansen v. Ruby Construction Co.* (1987), 155 Ill. App. 3d 475, 508 N.E.2d 301.

"Admissions come in two varieties, judicial and evidentiary. A judicial admission is conclusive upon the party making it; it may not be controverted at trial or on appeal. Judicial admissions are not evidence at all but rather have the effect of withdrawing a fact from contention." (M. Graham, Evidence Text, Rules, Illustrations and Problems, at 146 (1983) (hereinafter cited as Graham).) Included in this category are admissions made in pleadings, formal admissions made in open court, stipulations, and admissions pursuant to requests to admit. Graham, at 146.

Evidentiary admissions, on the other hand, may be controverted or explained by the party. Evidentiary admissions may be made in, among other things, pleadings in a case other than the one being tried, pleadings that have been superseded or withdrawn, answers to interrogatories, and other statements made pursuant to Federal Rule of Evidence 801(d)(2) (Fed. R. Evid. 801(d)(2)). Graham at 146.

■ Insofar as discovery is concerned, answers to interrogatories and testimony at evidence and discovery depositions may be treated as judicial admissions (*Van's Material Co. v. Department of Revenue* (1989), 131 Ill. 2d 196, 545 N.E.2d 695; *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1979), 71 Ill. App. 3d 562, 390 N.E.2d 60; *Albright v. Parr* (1984), 126 Ill. App. 3d 464, 467 N.E.2d 348; *Hansen v. Ruby Construction Co.* (1987), 164 Ill. App. 3d 884, 518 N.E.2d 354), and the legal effect of those admissions may be tested by summary judgment proceedings. *Young v. Pease* (1983), 114 Ill. App. 3d 120, 448 N.E.2d 586; *Hansen v. Ruby Construction Co.* (1987), 155 Ill. App. 3d 475, 508 N.E.2d 301.

The general rule, however, is qualified. It applies only when a party's testimony, taken as a whole, is unequivocal. The rule is inapplicable when the party's testimony is inadvertent, or uncertain, or amounts to an estimate or opinion rather than a statement of concrete fact. In addition, the rule is inapplicable when the facts relate to a matter about which the party could easily have been mistaken, such as swiftly moving events preceding a collision in which the party was injured. Graham at 146; See *McCormack v. Haan* (1960), 20 Ill. 2d 75, 169 N.E.2d 239.

Defendant argues that *Finley v. Mercer County* (1988), 172 Ill. App. 3d 30, 526 N.E.2d 635, controls this case. The issue in *Finley* was whether a stop sign had been twisted long enough to give the defendant county constructive notice of its condition. The county filed a motion for summary judgment arguing there was no issue of material fact as to whether it had notice of the sign's condition. In support of his motion for summary judgment, defendant attached plaintiffs'

depositions, wherein plaintiffs admitted they had traveled the intersection a week before the accident and the sign was not twisted. While the motion was pending, plaintiffs produced and deposed another witness who testified that the stop sign had been twisted three months prior to the collision. *Finley* held that summary judgment was proper because plaintiffs were bound by their deposition testimony.

There is a distinction between *Finley* and this case. In *Finley* plaintiff's witness' testimony was developed only after defendant had filed its motion for summary judgment, and the witness' perceptions in *Finley* went to notice of the condition of the stop sign—a static condition. In this case there are conflicting perceptions of eyewitnesses to a fast-moving car wreck—a fluid event, rather than a static condition.

■ The "swiftly moving event" exception to the general rule more appropriately allows the trier of fact to evaluate credibility and resolve conflicts in the testimony. Automobile accident cases often turn on the perceptions of the eyewitnesses, and the total picture of the event cannot rest on one witness' testimony alone. Treatment of a declaration as a judicial admission rather than an evidentiary admission "depends upon an evaluation of all [the] testimony, and not just a part of it [ ] *** [and] upon an appraisal of [the] testimony in the light of the testimony of the other witnesses and a consideration of their respective opportunities to observe the facts about which they testify. McCormick on Evidence, pp. 513-516; 9 Wigmore on Evidence, 3rd ed., sec. 2594(a)." (*McCormack*, 20 Ill. 2d at 78, 169 N.E.2d at 241.) These qualifications of the general rule serve several important policies, not the least of which is the restraint of judicial comment on the credibility of witnesses. If the court chooses to treat a declaration of a party that has been contradicted by other witnesses as a judicial admission, the court, in effect, has commented on credibility, *i.e.*, it has found one to be more worthy of belief than the other.

In this case, plaintiff said defendant did not drive the truck across the center line. A codefendant, however, testified in a deposition that defendant had driven the truck across the center line. In finding that plaintiff made a judicial admission, the circuit court necessarily found plaintiff's version more credible than that offered by the codefendant, a role traditionally and wisely either reserved to a jury, or, in a bench trial, an act withheld until the proof is closed. We are mindful that the ruling made by the circuit court has a practical effect: after all, under most circumstances it makes sense to accept plaintiff's version, because it relieves the trier of fact of resolving a paradox—namely a party's assertion that he or she is not believable when he or she said

"X." In the case at bar, of course, that paradox will be present when plaintiff, in effect, takes the position that the jury should not believe his statement that "defendant did nothing wrong." Ordinarily, that ruling would be one to be endorsed. Here, however, the rapidly moving, startling events cause us to make an exception. After all, credibility itself depends in part on the ability and opportunity to observe, and under these circumstances, an exception should be made to the general rule that imposes upon a party all risks contained within the declarations they make. Therefore, plaintiff's statements should be treated as evidentiary, rather than judicial admissions. Plaintiff, by producing conflicting evidence, has presented a genuine issue of material fact. The circuit court's order granting defendant's motion for summary judgment, therefore, is reversed, and we remand for further proceedings.

Reversed and remanded.

WELCH, J., concurs.

JUSTICE LEWIS, dissenting:

I respectfully dissent from the majority's opinion treating the plaintiff's statements as evidentiary, rather than as judicial, admissions.

The majority properly cites the law, but then proceeds to carve out an exception for swiftly moving events. "A judicial admission is a deliberate, clear, unequivocal statement of a party about a concrete fact within that party's peculiar knowledge." (*Hansen v. Ruby Construction Co.* (1987), 155 Ill. App. 3d 475, 480, 508 N.E.2d 301, 303.) Insofar as discovery is concerned, answers to interrogatories and testimony in evidence and discovery depositions may be treated as judicial admissions. *Van's Material Co. v. Department of Revenue* (1989), 131 Ill. 2d 196, 545 N.E.2d 695; *Hansen v. Ruby Construction Co.* (1987), 164 Ill. App. 3d 884, 518 N.E.2d 354.

The majority states correctly that the rule applies only when a party's testimony taken as a whole is unequivocal. I believe that his testimony in the discovery deposition, taken as a whole, is unequivocal. The law is also clear that, having made judicial admissions so adverse to his own claims, the plaintiff cannot effectively contradict them by attempting to adopt inconsistent evidence which might be produced by other witnesses. *Hansen*, 164 Ill. App. 3d 884, 518 N.E.2d 354; *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1979), 71 Ill. App. 3d 562, 390 N.E.2d 60.

*Finley v. Mercer County* (1988), 172 Ill. App. 3d 30, 526 N.E.2d 635, and *Van's Material Co.* (131 Ill. 2d 196, 545 N.E.2d 695), also strongly support my position.

*McCormack v. Haan* (1960), 20 Ill. 2d 75, 169 N.E.2d 239, relied upon by the majority, is inapposite. In that case the court found that even though the statement of plaintiff was a judicial admission, it did not follow that he was exonerated from responsibility because it was clear that he had other duties to perform from which the jury could find liability.

I would affirm the order of the circuit court granting defendant's motion for summary judgment.