DORIS LEWIS, Plaintiff-Appellant, v. RUTLAND TOWNSHIP *et al.*, Defendants-Appellees (Boehm Bros., Inc., Defendant).

Third District   No. 3—03—1026

Opinion filed March 4, 2005.

HOLDRIDGE, J., specially concurring.

Peter F. Ferracuti, Joseph H. Sparacino, and Nigel S. Smith, all of Law Offices of Peter F. Ferracuti, of Ottawa, for appellant.

Troy A. Lundquist and Anastasia L. Hess, both of Mangan, Langhenry, Gillen & Lundquist, of Joliet, for appellees.

JUSTICE SCHMIDT delivered the opinion of the court:

Plaintiff Doris Lewis sued Rutland Township and township officials Clarence Bailey and Russell Boe for personal injuries she suffered when the school bus she was driving hit a low spot along East 22nd Road in Rutland Township. In a fourth amended complaint, plaintiff added Boehm Bros., Inc., a road construction company, as a party defendant. The trial court granted the township defendants' motion for summary judgment, leaving the suit against Boehm Bros. intact. Plaintiff brings this interlocutory appeal pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). She argues that the trial court erred by (1) striking an affidavit of the emergency medical technician (EMT) who assisted plaintiff at the scene of the incident, and (2) by granting summary judgment for the township defendants. We affirm.

## BACKGROUND

Plaintiff's complaint alleged that on Monday, February 28, 2000, an area of the township's gravel road that had been under construction between December 16 and December 21, 1999, had sunken so as to create an unreasonably dangerous hole in the roadway. She alleged that the unsafe condition existed "for a period of time, in violation of 745 ILCS 10/3—102," and that the defendants failed to repair the roadway when they "knew or should have known of a dangerous condition, in violation of 745 ILCS 10/3—102."

In their answer to the complaint, the township defendants denied actual or constructive knowledge of an unreasonably dangerous condition in the road. They moved for summary judgment on the ground of immunity under the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1—101 et seq. (West 2000)). They claimed, inter alia, that plaintiff could not establish that they had any notice of the allegedly unsafe condition of the road prior to the date of plaintiff's injury.

In support of their motion, the defendants submitted excerpts of plaintiff's discovery deposition. In her deposition, plaintiff stated that she regularly drove along East 22nd Road in the afternoons of school days. She said a depression, or dip, had gradually developed in the gravel road in the area where construction had been done. Plaintiff slowed the bus and drove over the dip without incident on Friday, February 25, 2000. She recalled that it had rained most of that weekend. On Monday, February 28, plaintiff slowed for the dip, but she did not observe that the area had sunken significantly since she last drove over it the prior Friday. Consequently, when the wheels of the bus hit the sunken area, she was severely jolted and injured her back.

Plaintiff admitted that the weather conditions over the weekend could have accounted for the deterioration of the road. Plaintiff further admitted that she had not given the township notice of the depression at any time prior to February 28, 2000. She had not seen any township officials on the road between the time the road was reopened in December 1999 and February 28, and she admitted that she did not know of any complaints made or notice given to the township about the road's condition prior to February 28.

Defendant Boe's deposition was also submitted in support of defendants' summary judgment motion. Boe stated that, as Rutland township road commissioner, he requested the replacement of the culvert on East 22nd Road because the road was scheduled for updating from gravel to tar-and-chip. He said the work was bid out and supervised by the La Salle County highway department. He said the culvert replacement appeared to have been done properly when he checked it after the construction project was completed in December 1999. He could not recall any specific dates that he drove on East 22nd Road between the date it was reopened and February 28, 2000, but he said it was his practice to check all township roads several times per month.

In support of her objection to the motion for summary judgment, plaintiff submitted an affidavit signed by Jim Gibson, an EMT dispatched to the scene of the accident on February 28. This affidavit stated:

> "That the trench was approximately two (2) to three (3) feet wide, approximately one and a half (1½) feet deep, and stretched across the entire road. Based on my observation as to the width and depth, it appeared that the trench was not newly formed and had been there for some time."

Defendants were granted leave to obtain Gibson's deposition before the summary judgment motion was heard. At his deposition, Gibson admitted that he had never driven on the gravel section of East 22nd Road prior to February 28, 2000. He said it appeared from the ditch area that the soil had been dug up around the road where it dipped, but Gibson could not say when the digging had taken place, and he could not say when the dip developed or how long it had been in the dangerous condition he found it on February 28. He said the depression looked like it was 8 to 10 inches deep and he could only guess as to its width. He said plaintiff's attorneys had interviewed him by telephone, and he had subsequently signed the typewritten affidavit prepared by the attorney. He opined that the term "trench" had been supplied by the person who drafted the affidavit for his signature.

Based on plaintiff's admissions in her deposition and the statements in Gibson's deposition, the township defendants moved to strike Gibson's affidavit. Defendants' motions to strike and for summary judgment were heard and granted on November 25, 2003.

## ISSUES AND ANALYSIS

### 1. Gibson's Affidavit

On appeal, plaintiff initially contends that the trial court improperly struck Gibson's affidavit. We disagree.

Defendants' motion to strike Gibson's affidavit cited three grounds: (1) Gibson's sworn deposition testimony refuted the statements made in his own affidavit; (2) plaintiff improperly attempted to create an issue of fact by introducing an affidavit that contradicted her sworn deposition testimony; and (3) the affidavit was based on speculation and conclusions. Although the trial court's order granting the motion to strike cited only the second reason proffered by defendants, we find ample ground to strike in the other two. See *Caruth v. Quinley*, 333 Ill. App. 3d 94, 775 N.E.2d 224 (2002) (trial court's decision may be affirmed on review on any ground appearing of record regardless of ground relied on by trial court).

■ The use of affidavits in summary judgment proceedings is governed by Supreme Court Rule 191 (210 Ill. 2d R. 191). The rule provides that an affidavit be made on the personal knowledge of an affiant competent to testify at trial to the facts asserted and that the affidavit set forth with particularity the facts upon which it is based. *Jackson v. Graham*, 323 Ill. App. 3d 766, 753 N.E.2d 525 (2001). Unsupported assertions, opinions and conclusory statements do not comply with the rule and may be stricken. *Geary v. Telular Corp.*, 341 Ill. App. 3d 694, 793 N.E.2d 128 (2003).

■ Gibson's affidavit, on its face, violates the rule with respect to the amount of time the alleged "trench" in the road was in existence. Nothing in the affidavit indicated that Gibson was competent to testify as to the age or "newness" of the depression. Moreover, his statement that it must have been there for "some time" is meaningless. "Some time" could mean 5 minutes, it could mean 15 years, or it could mean any time at all. At the very least, Gibson's statements as to how long the "trench" existed should have been stricken as a violation of Rule 191.

Further, as was disclosed during Gibson's discovery deposition, facts as to the size of the depression were not based on Gibson's personal knowledge but, at best, were merely guesses. Gibson could no more say that the depression was 1½ feet deep and 2 feet wide than

he could say that it was a "trench." At his deposition, Gibson guessed that the dip was only 8 to 10 inches deep. He also admitted that the term "trench" was not his.

It is apparent that Gibson merely accepted the affidavit as drafted by plaintiff's attorneys and signed it without regard to its truth. Under the circumstances, we hold that the affidavit was properly stricken.

## 2. Notice

■ Next, plaintiff argues that the question of actual or constructive notice is a question of material fact that precludes summary judgment. Again, we disagree.

Section 3—102(a) of the Act provides in relevant part as follows:

> "[A] local public entity *** shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3—102(a) (West 2000).

It is the plaintiff's burden to provide facts showing that the township defendants had actual or constructive notice of the unsafe condition in adequate time to remedy it. *Burke v. Grillo*, 227 Ill. App. 3d 9, 590 N.E.2d 964 (1992); *Finley v. Mercer County*, 172 Ill. App. 3d 30, 526 N.E.2d 635 (1988). Summary judgment is appropriate if the pleadings, depositions and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2000). Our review of an order granting summary judgment is *de novo. Romero v. O'Sullivan*, 302 Ill. App. 3d 1031, 707 N.E.2d 986 (1999).

Here, plaintiff proffered no evidence that actual notice of the depression was given to the township prior to February 28, 2000. Further, the pleadings, depositions and competent affidavits establish that there is no genuine issue of fact regarding constructive notice. The only competent evidence indicating the amount of time during which the township's road was in an unsafe condition appeared in plaintiff's deposition testimony, wherein she said that the depression was not unsafe on Friday, February 25 at 4 p.m. and it was unsafe at 4 p.m. the following Monday. Plaintiff also testified that it rained throughout that weekend. It would be unreasonable to require the township to inspect all of its roads within hours of heavy rainfall absent actual notice of a problem. See *Burke*, 227 Ill. App. 3d 9, 590 N.E.2d 964. Accordingly, the township defendants were entitled to judgment as a matter of law.

## CONCLUSION

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

McDADE, J., concurs.

JUSTICE HOLDRIDGE, specially concurring:

I agree that the trial court should be affirmed. However, I disagree with the majority's analysis.

The defendants moved for summary judgment on the ground of immunity. Specifically, they claimed that the plaintiff could not establish that they had actual or constructive notice of the allegedly unsafe condition of the road prior to the date of the plaintiff's injury.

Here the issue is whether the trial court properly struck Gibson's affidavit. As the majority notes, the defendants cited three grounds: (1) Gibson's sworn testimony refuted the statements made in his own affidavit; (2) plaintiff improperly attempted to create an issue of fact by introducing an affidavit that contradicted her own sworn testimony; and (3) the affidavit was based on speculation and conclusions.

The majority finds that Gibson's affidavit could be struck on any of the three reasons. I disagree. I agree only with the trial court's finding that the second reason supports striking the affidavit.

The sufficiency of an affidavit in support of a motion for summary judgment is governed by Supreme Court Rule 191 (145 Ill. 2d R. 191). Rule 191 is satisfied " 'if from the document as a whole it appears the affidavit is based on the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents.' " *Allied American Insurance Co. v. Mickiewicz*, 124 Ill. App. 3d 705, 708 (1984), quoting *Burks Drywall, Inc. v. Washington Bank & Trust Co.*, 110 Ill. App. 3d 569, 576 (1982). Rather than striking an affidavit in its entirety, a trial court should only strike those matters that are improper. *Rinchich v. Village of Bridgeview*, 235 Ill. App. 3d 614, 622 (1992).

Here, the facts contained in Gibson's affidavit were based on his personal knowledge. Specifically, Gibson stated in his affidavit that he personally observed the defect in the road in question. The fact that he stated his observations as to the length, width and depth of the defect in approximations of feet and inches does not render this testimony inadmissible. A lay opinion as to relations of space is admissible if helpful to a trier of fact in the determination of a fact in issue. See *Freeding-Skokie Roll-Off Service, Inc. v. Hamilton*, 108 Ill. 2d 217 (1985). Thus, Gibson could competently testify to his observations of

the defect. Whether he could have opined as to the duration of time the defect existed is more problematic. However, even if that portion of the affidavit were stricken as speculative, Gibson's observations as to the size of the defect in the road would support an inference by the trier of fact that the defect had existed for a significant period of time prior to the time of Gibson's observation. This inference would be sufficient to establish constructive notice, at least for purposes of surviving a summary judgment motion.

As to the contradictory nature of Gibson's deposition, I would find nothing in the deposition that would render Gibson incompetent to testify at trial to the content of the affidavit. To the contrary, Gibson's deposition is classic impeachment in that it goes to the weight of Gibson's affidavit testimony, not its admissibility.

Since Gibson's affidavit, or at least the facts therein, was admissible as based on his personal knowledge, and those facts would support an inference that the defendants had constructive notice of the defect in the road, it would be improper to strike the affidavit. However, as the trial court noted, under the rationale articulated in *Hansen v. Ruby Construction Co.*, 164 Ill. App. 3d 884, 887 (1987), the plaintiff cannot supply evidence (affidavit, deposition, etc.) that conflicts with a judicial admission adverse to his or her claim. As the *Hansen* court noted: " 'Having made these judicial admissions so adverse to her claim, plaintiff *** could not effectively contradict them by attempting to adopt inconsistent evidence which might be produced by other witnesses or by attempting to supply additional but inconsistent allegations to her pleading.' " *Hansen*, 164 Ill. App. 3d at 887, quoting *Kosin v. Shero*, 45 Ill. App. 3d 1047, 1051 (1977).

Here, the plaintiff gave a deposition in which she testified that the depression in the road was not unsafe on Friday, February 25, at 4 p.m. but it was unsafe at 4 p.m. the following Monday. To the extent that Gibson's affidavit is offered to establish that the road was unsafe for "some time" prior to February 25, it is in complete contradiction with Lewis's own deposition. For that reason alone, Gibson's affidavit cannot stand, and the trial court was correct in striking the affidavit. Without Gibson's affidavit, the trial court properly found that the defendants were entitled to summary judgment. I would affirm the trial court.