HOMER E. EIDSON *et al.*, Plaintiffs, v. AUDREY'S C T L, INC., d/b/a Audrey's Clifton Terrace Lounge, *et al.*, Defendants (George Daiker, Counterplaintiff-Appellant; Homer E. Eidson, Counterdefendant-Appellee).

Fifth District   No. 5—92—0176

Opinion filed September 15, 1993.—Rehearing denied October 28, 1993.

RARICK, J., dissenting.

Gail R. Gisy and Eric S. Pistorius, both of Jerseyville, for appellant.

Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville (Timothy S. Richards and Karen E. Mason, of counsel), for appellee.

JUSTICE MAAG delivered the opinion of the court:

On December 21, 1986, the plaintiff, Homer E. Eidson, and one of the defendants, George Daiker, were together in a 1983 Plymouth Voyager van owned by Homer. The van left the roadway and hit a telephone pole in Jersey County, Illinois. Both Homer and George were injured in the collision with the pole, and both claim that the other was driving at the time of the collision.

On December 21, 1987, Homer filed a complaint pursuant to the Dramshop Act (Ill. Rev. Stat. 1985, ch. 43, par. 135) against Audrey's C T L, Inc., d/b/a Audrey's Clifton Terrace Lounge; Audrey Fillback; Dennis M. Rouder; Fred Widman; Paul Schneider, d/b/a The Rubel Lounge; and Bob Singer, d/b/a Singer's Tavern. On July 20, 1988, Homer filed an amended complaint adding George as a defendant.

On November 16, 1988, George filed an answer to Homer's amended complaint and also filed a two-count counterclaim against Homer. In his verified answer, George denies that he was driving the van. Count I of George's counterclaim alleges that Homer was the driver of the van and alleges that it was Homer's negligence in operating the van which caused the collision. Count II in the alternative alleges that George was the driver and Homer was negligent in allowing George to operate the van after purchasing alcohol for George and knowing that George was intoxicated and his driving ability was impaired.

Eventually Homer's claims and the dramshop claims all settled, leaving only George's two-count counterclaim pending. On August 31, 1990, George and Homer both gave discovery depositions.

In his deposition, George testified in part as follows:

"Q. But you were drunk, too?
A. Yes.
Q. You didn't drive this car?

A. No.

Q. Because you testified earlier you never, you'd only driven twice before—

A. Yes.

Q. —because you don't have a driver's license—

A. Right.

Q. —because you were 17 years old?

A. Yes.

Q. You were 17 years old. Okay. What happened next?

A. That's all I remember until—

Q. You fall asleep in the car—

A. Yes.

Q. —or you just don't remember?

A. I fell asleep, and I woke up 3 days later in the hospital, on a Tuesday.

Q. No recollection of the accident, whatsoever?

A. No."

On October 18, 1991, Homer filed a motion for partial summary judgment as to count II of George's counterclaim, alleging that George in his pleadings and discovery deposition had made admissions that he was not driving the van at the time of the collision and, therefore, could not allege in count II that he was operating the van. After argument the trial court granted Homer's motion and dismissed count II of George's counterclaim. The trial court found that there was no just cause for delaying enforcement or appeal. The instant appeal ensued.

The sole issue raised on appeal is whether the trial court erred in granting Homer's motion for partial summary judgment dismissing count II of George's counterclaim. We answer in the affirmative.

Since the collision, both parties have alleged that the other was driving the van at the time of the collision. Homer argues that George's deliberate and unequivocal deposition testimony and his verified answer that he was not driving the van at the time of the collision are judicial admissions.

A judicial admission is a deliberate, clear, unequivocal statement of a party, about a concrete fact, within the party's peculiar knowledge. (*Brummet v. Farel* (1991), 217 Ill. App. 3d 264, 266, 576 N.E.2d 1232, 1234.) The frequently stated purpose of the doctrine of judicial admissions is to eliminate the temptation to commit perjury. (*Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 935, 332 N.E.2d 32, 34.) A judicial admission may occur at a discovery deposition (*Van's Material Co. v. Department of Revenue* (1989), 131 Ill. 2d 196, 211, 545

N.E.2d 695, 703), and the party making the admission is bound by that admission and cannot contradict it. (*Caponi v. Larry's 66* (1992), 236 Ill. App. 3d 660, 667, 601 N.E.2d 1347, 1355.) It is also well accepted that a judicial admission will support a grant of summary judgment. *Commonwealth Eastern Mortgage Co. v. Williams* (1987), 163 Ill. App. 3d 103, 108-09, 516 N.E.2d 515, 518.

■ For testimony to be binding, it must also be peculiarly within the knowledge of the deponent. (*Hansen v. Ruby Construction Co.* (1987), 155 Ill. App. 3d 475, 482, 508 N.E.2d 301, 305.) Homer cites a number of cases in support of his argument that the word "peculiar" within the context of judicial admissions does not require the fact in question to lie exclusively with the party against whom the judicial admission is charged. A reading of the cases cited reveals that "peculiar" did in those cases mean "exclusively." See *Schmahl v. A.V.C. Enterprises, Inc.* (1986), 148 Ill. App. 3d 324, 331, 499 N.E.2d 572, 577 (only the deponent knew his financial situation); *Tennes v. Tennes* (1943), 320 Ill. App. 19, 33, 50 N.E.2d 132, 139 (only the deponent knew if he fell asleep at the wheel); *Hansen,* 155 Ill. App. 3d at 482, 508 N.E.2d at 305 (only plaintiff knew if he tripped over a rubber bumper or a loading dock because there were no eyewitnesses to the accident).

Nevertheless, we must agree with Homer that the word "peculiar" in the context of judicial admissions does not necessarily mean "exclusively." If both George and Homer agreed that George was driving, and George clearly and unequivocally so testified, this testimony by George could constitute a judicial admission. We believe that the proper construction of the term "peculiar" when referring to judicial admissions is that the information must be without question within the realm of information actually known to the witness although not exclusively known to him. In other words, the witness must be in a position to know the fact about which he is testifying. Simply because others may also be in a position to know does not prevent the admission from rising to the level of a "judicial admission."

■ However, this does not conclude our analysis, because George's deposition testimony is hardly unequivocal. When read in context, it is clear that George was testifying about his intention regarding who was going to drive. However, he states that at the time of the accident he was asleep and had no recollection of the accident. He, therefore, could not unequivocally and clearly state who was driving when the accident took place if he was asleep and had no memory of the event itself. For this reason the deposition evidence cannot constitute a judicial admission.

A motion for summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1992).) As we have determined that George's statements in his testimony and pleadings are not judicial admissions, Homer is not entitled to judgment as a matter of law with respect to count II.

There is no dispute that George's allegations as contained in counts I and II of his counterclaim are logically inconsistent fact patterns. The Illinois Code of Civil Procedure addresses the issue of logically inconsistent fact patterns and provides:

> "When a party is in doubt as to which of two or more statements of fact is true, he or she may, regardless of consistency, state them in the alternative or hypothetically in the same or different counts or defenses. A bad alternative does not affect a good one." 735 ILCS 5/2—613(b) (West 1992).

For the foregoing reasons, the trial court's grant of partial summary judgment and dismissal of count II of the amended complaint is reversed and remanded.

Reversed and remanded.

GOLDENHERSH, J., concurs.

JUSTICE RARICK, dissenting:

I respectfully dissent. The majority concludes that George Daiker's deposition testimony cannot constitute a judicial admission because such testimony was hardly unequivocal. The majority reasons that because Daiker stated that he was asleep at the time of the accident and had no recollection thereof, he could not unequivocally and clearly state who was driving. I do not agree with this reasoning. In his deposition testimony, Daiker clearly and unequivocally states that he was not driving. When asked what happened next, Daiker said he did not remember because he fell asleep in the car and woke up three days later in the hospital. The majority's conclusion that Daiker cannot unequivocally state that he was not driving because he was asleep makes sense only if we accept the possibility that, while asleep, Daiker took control of the car. That possibility I cannot accept. I believe that Daiker's deposition testimony constitutes a judicial admission that he was not driving and would affirm the trial court's grant of summary judgment with respect to count II.