7 January 2000

NO. 4-99-0185

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

CHRISTY-FOLTZ, INC.,                    )   Appeal from

Plaintiff-Appellant,          )   Circuit Court of

v.                            )   Macon County

SAFETY MUTUAL CASUALTY CORPORATION,     )   No. 98MR253

n/k/a SAFETY NATIONAL CASUALTY          )

CORPORATION,                            )  

Defendant-Appellee,           )

and )   Honorable

BITUMINOUS CASUALTY CORPORATION,        )   James A. Hendrian,

Defendant.                    )   Judge Presiding.

_________________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

In July 1998, plaintiff, Christy-Foltz, Inc. (Christy-

Foltz) sought a declaratory judgment to determine whether its contribution liability in excess of the so-called 
Kotecki
 cap (see 
Kotecki v. Cyclops Welding Corp.
, 146 Ill. 2d 155, 165, 585 N.E.2d 1023, 1027-28 (1991)) was covered by its workers' compen

sation and employer's liability insurance policy issued by defendant, Safety Mutual Casualty Corporation, now known as Safety National Casualty Corporation (Safety National).  Safety National contended plaintiff's contribution liability in excess of the 
Kotecki
 cap was a loss "voluntarily assumed" by the plaintiff under a May 1991 contract between plaintiff as a subcontractor and a third-party contractor and is, therefore, excluded from coverage under the terms of the policy.  On cross-

motions for summary judgment, the trial court agreed with Safety National.  We agree with the defendant as well and affirm the judgment of the trial court.

I. BACKGROUND

The record reveals the following undisputed facts.  On November 26, 1986, the defendant, Safety National, issued a workers' compensation and employer's liability insurance policy to the plaintiff, Christy-Foltz, with effective dates from November 26, 1990, through November 26, 1991. 

On July 8, 1991, Marc Bohanan, an employee of Christy-

Foltz, sustained injuries while working on a construction project in which Christy-Foltz was engaged as a subcontractor by Litton Industrial Services, Inc. (LISI).

A. Suit for Negligence and Structural Work Act Violations:

Peoria County Case No. 93-L-108

On June 27, 1995, Bohanan filed a common-law action against LISI in Peoria County case No. 93-L-108, alleging negli

gence and willful violations of the Structural Work Act (Ill. Rev. Stat. 1991, ch. 48, pars. 59.90 to 69 (see 740 ILCS 150/0.01 
et
 
seq
. (West 1994), repealed by Pub. Act 89-2, §5, eff. February 14, 1995 (1995 Ill. Laws 7))).

On August 18, 1995, LISI filed a third-party action against Christy-Foltz for contribution pursuant to the Joint Tortfeasor Contribution Act (Contribution Act) (Ill. Rev. Stat. 1991, ch. 70, pars. 300 to 305 (now 740 ILCS 100/0.01 
et
 
seq
. (West 1998)).  In response to LISI's third-party complaint, Christy-Foltz raised the Workers' Compensation Act (Compensation Act) (Ill. Rev. Stat. 1991, ch. 48, pars. 138.1 to 138.30 (now 820 ILCS 305/1 
et
 
seq
. (West 1998))) as an affirmative defense and requested judgment against it be confined to the amount of its liability under the Compensation Act as provided in 
Kotecki
.  In 
Kotecki
, decided on April 18, 1991, the Supreme Court of Illinois held an employer's contribution liability to a third-

party plaintiff is limited to the amount of workers' compensation benefits paid to the injured party under the Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5 (now 820 ILCS 305/5 
(West 1998))).  
Kotecki
, 146 Ill. 2d at 165, 585 N.E.2d at 1027-

28.  
 

In response, LISI filed a motion to strike the plain

tiff's affirmative defense and argued Christy-Foltz waived the right to invoke 
Kotecki
 as an affirmative defense to contribution liability by executing a contract with LISI, apparently on May 30, 1991, in which Christy-Foltz agreed to remain liable for any losses attributable to Christy-Foltz's own negligence.  In support of this contention, LISI cited 
Braye v. Archer-Daniels-

Midland Co.
, 175 Ill. 2d 201, 212-13, 676 N.E.2d 1295, 1301 (1997), in which the supreme court held an employer may contrac

tually waive the limited liability afforded by 
Kotecki
.  
LISI premised its argument on the following May 1991 contractual provision: 

"SUBCONTRACTOR [(Christy-Foltz)] shall indem

nify and hold harmless LISI and OWNER, their agents and employees, from any and all claims, suits, losses[,] and expenses, in

cluding attorneys' fees, provided that such claim, suit, loss[,] or expense is attribut

able to bodily injury, sickness, disease or death, or injury to property, which is caused by (a) negligence of SUBCONTRACTOR [Christy-

Foltz], its agents, employees, subcontrac

tors[,] or suppliers; or (b) a defect in material or workmanship of the work or any portion thereof."

In March 1996, the Peoria County circuit court found Christy-

Foltz waived the 
Kotecki
 cap for the purposes of contribution liability to LISI by virtue of its contractual agreement.

B.  The Instant Case for Declaratory Judgment:

Macon County Case No. 98-MR-253

In July 1998, Christy-Foltz initiated the instant litigation in Macon County circuit court No. 98-MR-253 for declaratory judgment against Safety National, which demanded Safety National provide insurance coverage for all contribution liability 
arising under LISI's third-party action against Christy-Foltz.  On September 1, 1998, Safety National filed a motion for summary judgment, acknowledging responsibility to Christy-Foltz for contribution liability up to the 
Kotecki
 cap, but denying responsibility for contribution liability in excess of the 
Kotecki
 cap.  Safety National relied on a provision of the insurance policy issued to Christy-Foltz, which excluded coverage for "any [l]oss or [c]laim [e]xpenses voluntarily assumed by the EMPLOYER [Christy-Foltz] under any contract or agreement, ex

pressed or implied."  On September 28, 1998, Christy-Foltz moved for summary judgment, seeking a declaration the insurance policy issued by Safety National provided coverage for contribution liability in excess of the 
Kotecki
 cap.  

On December 21, 1998, the trial court granted defen

dant's motion for summary judgment, finding (1) Christy-Foltz waived the 
Kotecki
 cap as to contribution liability pursuant to its contract with LISI; and (2) under the Safety National policy, such a waiver constituted a voluntary assumption of "any [l]oss or [c]laim [e]xpenses" under contract and, therefore, Christy-

Foltz's excess liability was excluded from coverage.  On January 14, 1999, plaintiff filed a motion to reconsider, which the trial court denied on March 3, 1999.  This appeal followed.

II. ANALYSIS

On appeal, plaintiff challenges the summary judgment order granted in favor of the defendant and seeks a declaratory judgment that its workers' compensation and employer's liability insurance policy issued by the defendant provides coverage for its contribution liability in excess of the liability limitation announced in 
Kotecki
.

A. Standard of Review

Summary judgment is properly granted when a court, after viewing the pleadings, depositions, admissions, and affida

vits in the light most favorable to the nonmovant, determines no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  
Champaign National Bank v. Babcock
, 273 Ill. App. 3d 292, 299, 652 N.E.2d 848, 853 (1995); 
Malone v. American Cyanamid Co.
, 271 Ill. App. 3d 843, 845, 649 N.E.2d 493, 495 (1995).  On appeal, a reviewing court conducts a 
de
 
novo
 review of the trial court's grant of summary judgment.  
Sandstrom v. De Silva
, 268 Ill. App. 3d 932, 935, 645 N.E.2d 345, 347 (1994).

B. Interplay Between November 1990 Insurance Policy, April 

1991 
Kotecki
 Opinion, and May 1991 Contract Between Plaintiff, as Subcontractor, and LISI, Which Hired Plaintiff

On appeal, plaintiff argues the defendant, at the time of issuance of the insurance policy effective on November 26, 1990, agreed to provide coverage for unlimited contribution liability.  Specifically, plaintiff contends both parties contem

plated coverage for unlimited contribution liability because the insurance policy in question was issued prior to the April 18, 1991, decision in 
Kotecki
.  As such, plaintiff concludes it could not have agreed to relinquish the liability limitation set forth in 
Kotecki
 in such a way as to invoke the policy exclusion for a loss voluntarily assumed under contract.  In response, defendant cites 
Braye
, 175 Ill. 2d at 212-13, 676 N.E.2d at 1301, and argues the plaintiff voluntarily waived
 the 
Kotecki
 cap as to contribution liability, notwithstanding the fact the insurance policy in question was executed prior to issuance of the decision in 
Kotecki
.  

1. 
Whether
 
Christy-Foltz
 
Waived
 
Right
 
To
 
Invoke
 
Kotecki
 
Affirma

tive
 
Defense
 
Via
 
Its
 
May
 
1991
 
Contract
 
With
 
LISI

      

We first consider whether, given the sequence of events, the plaintiff waived the right to invoke the affirmative defense in 
Kotecki
 by virtue of its May 1991 contract with LISI.  In so doing, we take guidance from 
Braye
,
 in which our supreme court confronted the issue of whether the 
Kotecki
 cap on an employer's contribution liability in a third-party action may be waived by contract.  There, 
a third-party plaintiff sought contribution from an employer premised on a purchase order in which the employer agreed to assume liability for "'all loss which may result in any way'" from its own negligence.  
Braye
, 175 Ill. 2d at 205, 676 N.E.2d at 1298, quoting a contract.  The facts revealed both the insurance policy and the agreement to assume unlimited contribution liability were executed by the employer prior to the decision in 
Kotecki
.  Nonetheless, the court determined the employer, in assuming liability for unlim

ited contribution, agreed to waive the 
affirmative defense as to contribution liability announced in 
Kotecki
.  
Braye
, 175 Ill. 2d at 218, 676 N.E.2d at 1304.  In so holding, the court stated "if an employer determines it advantageous to promise to assume liability for its own negligence, it may not avoid its contrac

tual agreement if it later perceives the promise to be detrimen

tal."  
Braye
, 175 Ill. 2d at 208, 676 N.E.2d at 1299.   

The relevant facts of the present case are indistin

guishable from those of 
Braye
.  Here, the plaintiff, like the employer in 
Braye
, agreed to remain fully liable for "any and all claims, suits, losses[,] and expenses" attributable to its own negligence.  As in 
Braye
, the record reveals the insurance policy was executed prior to the decision in 
Kotecki
.  Moreover, we note the plaintiff entered into the May 1991 contribution agreement with presumed knowledge of the 
Kotecki
 limitation, as it was executed after the April 18, 1991, decision in 
Kotecki
.  In light of the precedent established in 
Braye
, we conclude the plaintiff agreed to waive the right to invoke the affirmative defense to contribution liability announced in 
Kotecki
 by virtue of its May 1991 agreement with LISI.
  This determination, however, does not end our inquiry.

2.  
Whether
 
Christy-Foltz
, 
By
 
Agreeing
 
To
 
Waive
 
Its
 
Kotecki
 
Cap
,

 
"Voluntarily
 
Assumed"
 
a
 
Loss
 
Under
 
Contract
 
So
 
That
 
Its

Excess
 
Contribution
 
Liability
 
Is
 
Excluded
 
From
 
Coverage

of
 
Its
 
Insurance
 

We must next consider whether the plaintiff, in agree

ing to waive the limited liability announced in 
Kotecki
, "volun

tarily assumed" a loss under contract such that its contribution liability in excess of the 
Kotecki
 limitation is excluded from coverage under the terms of the policy issued by the defendant.  

Plaintiff argues an agreement to waive the 
Kotecki
 cap is not a loss "voluntarily assumed" under contract as defined in the insurance policy exclusion, but rather an agreement to waive an affirmative defense.  In response, defendant contends plain

tiff's contribution liability in excess of the limitation announced in 
Kotecki
 is expressly excluded from coverage by the terms of the policy as a loss voluntarily assumed under contract by the plaintiff.  

An insurance policy is a contract and must be inter

preted in accordance with the rules of contract construction.  
Gonzalez v. State Farm Mutual Automobile Insurance Co.
, 242 Ill. App. 3d 758, 762, 611 N.E.2d 38, 41 (1993).  The function of a court in construing an insurance policy is to ascertain and give effect to the intention of the parties as expressed in the policy.  
de los Reyes v. Travelers Insurance Cos.
, 135 Ill. 2d 353, 358, 553 N.E.2d 301, 304 (1990).  All provisions of an insurance contract, rather than an isolated part, should be read together to interpret it and to determine whether ambiguity exists.  
Country Casualty Insurance Co. v. Fisher
, 286 Ill. App. 3d 946, 951, 676 N.E.2d 1379, 1382 (1997).  If the language of the policy is clear and unambiguous, the provision should be applied as written (
University of Illinois v. Continental Casu

alty Co.
, 234 Ill. App. 3d 340, 349, 599 N.E.2d 1338, 1345 (1992)), and the parties should be bound by the agreement made.
 
  We review a trial court's construction of an insurance policy contract 
de
 
novo
.  
State Farm Mutual Automobile Insurance Co. v. Villicana
, 181 Ill. 2d 436, 441, 692 N.E.2d 1196, 1199 (1998). 

For the reasons that follow, we conclude that the plaintiff, in agreeing to waive the right to invoke 
Kotecki
 as an affirmative defense, "voluntarily assumed" a loss under contract as defined by the exclusionary provision of the insurance policy with defendant Safety National.  This conclusion is reinforced by an examination of the relevant policy provisions.  The exclusionary provision at issue provides in pertinent part: 

"In no event shall the CORPORATION [Safety National] be liable for any [l]oss or [c]laim [e]xpenses voluntarily assumed by the EMPLOYER [Christy-Foltz] under any contract or agreement, express or implied ***." 

Section (E)(1) of the policy defines the term "loss" as follows:

"'Loss' - shall mean actual payments made 

by the EMPLOYER [Christy-Foltz] to [e]mployees 

and their dependents in satisfaction of 

(a) statutory benefits, (b) settlements of 

suits and claims, and (c) awards and judg-

ments."  

This language is clear and unambiguous.  In ordinary meaning, the parties intended to exclude from coverage "any [l]oss *** volun

tarily assumed under *** contract."  By agreeing to waive the right to invoke 
Kotecki
 as an affirmative defense, the plaintiff voluntarily assumed liability for its 
pro
 
rata
 share of damages proximately caused by its own negligence.  
Braye
, 175 Ill. 2d at 210, 676 N.E.2d at 1300.
  Consequently, if found liable, plain

tiff's contribution liability in excess of the 
Kotecki
 cap will be allocated pursuant to the Contribution Act (Ill. Rev. Stat. 1991, ch. 70, pars. 300 to 305 (now 740 ILCS 100/0.01 
et
 
seq
. (West 1998))).  Further, any liability imposed upon plaintiff pursuant to the Contribution Act
 clearly constitutes a "loss" under section (E)(1) of the policy, which defines a "loss" as any payments made by plaintiff in satisfaction of "(a) statutory benefits, (b) settlements of suits and claims, and (c) awards and judgments."

Notwithstanding the clear and unambiguous language of the policy, plaintiff maintains an agreement to waive the 
Kotecki
 cap is merely an agreement to waive an affirmative defense, not a loss "voluntarily assumed" under contract.  Specifically, plain

tiff reasons that regardless of whether 
Kotecki
 is raised as an affirmative defense, the nature of the liability imposed remains contributory in nature, rather than contractual.  As such, plaintiff concludes coverage for all contribution liability is provided under the policy at issue, notwithstanding its agreement to waive the protections of the Compensation Act (Ill. Rev. Stat. 1991, ch. 48, pars. 138.1 to 138.30 (now 820 ILCS 305/1 
et
 
seq
. (West 1998))) as dictated in 
Kotecki
.  Defendant urges that the language of the insurance policy, rather than the nature of the potential liability, dictates the scope of coverage.  We agree.

Insurance contracts must be construed according to the sense and meaning of the terms used by the parties.  
Pre-Fab Transit Co. v. Northbrook Property & Casualty Insurance Co.
, 235 Ill. App. 3d 103, 106, 600 N.E.2d 866, 869 (1992).  When inter

preting an insurance contract, the court should neither distort the meaning of words so as to reach a desired result, nor search for ambiguity where none exists.  
University of Illinois
, 234 Ill. App. 3d at 350, 599 N.E.2d at 1345.  In interpreting an unambiguous document, the court should consider the entire document, giving words their plain and ordinary meaning.  
Bunge Corp. v. Northern Trust Co.
, 252 Ill. App. 3d 485, 493, 623 N.E.2d 785, 791 (1993). 

Here, the principal dispute involves the meaning of the exclusionary provision in the parties' insurance policy.  Plain

tiff's strained characterization of liability is not reasonable and disregards the plain language of the insurance policy's exclusionary provision.  Plaintiff seeks to create ambiguity where none exists.  Accordingly, we refuse to deviate from the clear and commonsense meaning of the exclusionary provision, which is clearly intended to exclude from coverage any loss "voluntarily assumed" by the plaintiff.  Absent plaintiff's agreement to remain liable for unlimited contribution, the plaintiff would be free to avail itself of the 
Compensation Act 
as an affirmative defense, limiting its contribution liability to the amount of its workers' compensation liability.  See 
Kotecki
, 146 Ill. 2d 155, 585 N.E.2d 1023; 
Braye
, 175 Ill. 2d 201, 676 N.E.2d 1295.  In agreeing to waive the right to invoke 
Kotecki
 as an affirmative defense, the plaintiff voluntarily assumed contri

bution liability in excess of the liability limitations provided to employers under the Compensation Act.  Ill. Rev. Stat. 1991, ch. 48, pars. 138.1 to 138.30 (now 820 ILCS 305/1 
et
 
seq
. (West 1998)).

III. CONCLUSION

Finding no genuine issue of material fact, we conclude the plaintiff, in assuming unlimited contribution liability, voluntarily agreed to waive the right to invoke the Compensation Act as an affirmative defense as dictated in 
Kotecki
.  Applying the terms of the insurance policy as written, we further conclude such waiver constitutes a voluntary assumption of liability under contract and is, therefore, excluded from coverage under the terms of the exclusionary provision in the parties' insurance policy.  Accordingly, we affirm the judgment of the circuit court of Macon County.

Affirmed. 

STEIGMANN and McCULLOUGH, JJ., concur.