EL RINCON SUPPORTIVE SERVICES ORGANIZATION, INC., a/k/a El Rincon Community Clinic, *et al.*, Plaintiffs-Appellees, v. FIRST NONPROFIT MUTUAL INSURANCE COMPANY, Defendant-Appellant.

First District (6th Division)   No. 1—02—3064

Opinion filed January 9, 2004.

Stellato & Schwartz, Ltd., of Chicago (Esther Joy Schwartz, Benjamin B. Belcher, Richard D. Foody, and Donald E. Stellato, of counsel), for appellant.

Fioretti, Des Jardins & Reda, Ltd., of Chicago (Leonard A. Des Jardins, John B. Lower, and Megan Mason, of counsel), for appellees.

JUSTICE GALLAGHER delivered the opinion of the court:

Defendant First Nonprofit Mutual Insurance Company (FNMIC) appeals from an order granting summary judgment in favor of El Rincon Supportive Services Organization, Inc., a/k/a El Rincon Community Clinic, and ERC Properties Foundation, Inc. (El Rincon), concluding that FNMIC owed coverage to El Rincon under a multiple-peril insurance policy for a claim against the policy for damages to El Rincon's property. On appeal, FNMIC first contends that El Rincon's use of the term "construction" in its complaint and in an exhibit amounts to a judicial admission that the property damage resulted from "construction" activities. FNMIC next contends on appeal that the plain definition of the term "construction" encompasses all activities relating to the construction process and that the insurance policy is not ambiguous. FNMIC also contends on appeal that this court should be persuaded by the reasoning underlying decisions in other jurisdictions finding comparable exclusion language unambiguous. FNMIC's final contention on appeal is that no question of fact exists in the record that precludes summary judgment in favor of FNMIC after the exclusion is found unambiguous.

El Rincon is an Illinois not-for-profit corporation. El Rincon provides professional social services, including but not limited to alcoholism and other drug dependency clinical services on the west side of Chicago.

El Rincon procured an FNMIC multiple-peril insurance policy that was in effect from May 15, 2001, until May 1, 2002 (policy). The policy provided coverage on El Rincon's property located at 1874 N. Milwaukee Avenue, Chicago, Illinois (property). On or around September 1, 2001, the property was physically damaged by the "acts, decisions, errors, or omissions of a third party performing construction excavation and operations to an adjacent property" located at 1868-1870 N. Milwaukee Avenue, Chicago, Illinois (the adjacent property). El Rincon notified FNMIC of the claim regarding the property damage (the claim). According to a site inspection performed on the property around October 3, 2001, by Engineering Systems, Inc. (ESI), construction operations on the adjacent property allegedly caused the following to the property: "damaged masonry walls, portions of walls left unsupported, a severely cracked parapet wall, and walls that had been impacted." In a letter dated October 5, 2001, to El Rincon, FNMIC reserved its rights under the policy concerning the claim while it investigated the matter. On December 11, 2001, FNMIC disclaimed coverage in a letter to El Rincon asserting exclusion 3.b(2) of the policy barred coverage.

Pertinent provisions of the policy, including exclusion 3.b(2), are as follows:

"GENERAL PROPERTY COVERAGE

A. COVERAGE AGREEMENT

We will pay for direct physical loss or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\* \* \*

2. Property Not Covered

Except as provided in C. Extensions of Coverage, Covered Property does not include:

\* \* \*

d. The cost of excavations, grading, backfilling or filing;

E. EXCLUSIONS

\* \* \*

3. We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \*

b. Faulty, inadequate, defective or negligent:

\* \* \*

(2) Design, testing, specifications, workmanship, repair, construction, renovation, remodeling, grading or earth compaction;

\* \* \*

of part or all of any property on or off the described premises."

On April 10, 2002, El Rincon filed a complaint for declaratory judgment and other relief in the circuit court. The complaint claimed that the property was physically damaged by "acts, decisions, errors or omissions of a third party performing construction excavation and operations to an adjacent property." The complaint further alleged FNMIC wrongfully denied coverage to El Rincon for the claim and sought a judgment that FNMIC had a duty to pay El Rincon for the loss suffered and that FNMIC was liable under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2000)) for unreasonable delay in paying the claim.

On May 24, 2002, FNMIC filed its motion for summary judgment. FNMIC's motion was based on exclusion 3.b(2) contending that there is no coverage under the policy because the damage was caused by "faulty, inadequate or negligent construction work done on the adjacent property." In its response to the motion for summary judgment, El Rincon argued exclusion 3.b(2) of the policy was ambiguous because the use of the term "property" was ambiguous and mislead-

ing. El Rincon also argued the exclusion is ambiguous because the term "construction" is too broad and it is unclear whether the term "excavation" is covered within the term "construction." El Rincon filed a five-count complaint at law, which included one count of negligence, against multiple parties, including companies and individuals, involved in the construction operations on the adjacent property that allegedly caused the damage to the property.

The trial court denied FNMIC's motion for summary judgment on August 9, 2002. Following the denial of FNMIC's motion for summary judgment, El Rincon made an oral motion for summary judgment over FNMIC's objection. The trial court granted El Rincon's oral motion. The trial court agreed the policy was ambiguous because the term "excavation" was used in one part of the policy and not used in exclusion 3.b(2), which created an ambiguity regarding whether the excavation activities occurring on the adjacent property were excluded under the policy.

On September 6, 2002, FNMIC filed a motion to reconsider, vacate and/or clarify the August 9, 2002, order. On September 18, 2002, the trial court denied FNMIC's motion to vacate and clarified that the August 9, 2002, order did not apply to the damages issues and El Rincon's Insurance Code claims. In the September 18, 2002, order, the trial court stated that there was no just cause to delay appeal of its grant of summary judgment in favor of El Rincon pursuant to Illinois Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). FNMIC timely filed its appeal on October 1, 2002.

■ On appeal, FNMIC first argues that El Rincon's use of the term "construction" in its complaint and exhibit to describe the activities that caused the property damage is a judicial admission and precludes coverage. Facts admitted in a pleading amount to a judicial admission. *Wheeler v. Sunbelt Tool Co.*, 181 Ill. App. 3d 1088, 1108, 537 N.E.2d 1332, 1346 (1989). The pleadings of a case include the exhibits attached to a complaint. *Wysocki v. Bedrosian*, 124 Ill. App. 3d 158, 162, 463 N.E.2d 1339, 1343 (1984). A judicial admission is defined as "a deliberate, clear, unequivocal statement of a party, about a concrete fact, within the party's peculiar knowledge." *Eidson v. Audrey's CTL, Inc.*, 251 Ill. App. 3d 193, 195, 621 N.E.2d 921, 923 (1993); *Cleveringa v. J.I. Case Co.*, 230 Ill. App. 3d 831, 844, 595 N.E.2d 1193, 1203 (1992); *Hansen v. Ruby Construction Co.*, 155 Ill. App. 3d 475, 480, 508 N.E.2d 301, 303 (1987). Judicial admissions are " 'formal admissions in the pleadings *** which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.' " *State Security Insurance Co. v. Linton*, 67 Ill. App. 3d 480, 484, 384 N.E.2d 718, 721 (1978), quoting *Precision Extrusions, Inc. v. Stewart*, 36 Ill. App. 2d 30, 50, 183 N.E.2d 547, 556 (1962).

FNMIC contends El Rincon's referral to the activities that caused the property damage as "construction excavation and operations" in its complaint amounted to a judicial admission. FNMIC also contends that ESI's engineering report, which is included in the record as an exhibit, states that the property damage was caused by "adjacent construction operations." FNMIC contends that these statements amount to a judicial admission that El Rincon's property was damaged from construction activities.

El Rincon responds that the term "construction" in the phrase "construction excavation and operations" is the adjective used to describe the type of excavation that caused the property damage, not a noun stating the cause of the damage. Instead, El Rincon contends that the term "excavation" is the noun being described in the phrase "construction excavation and operations." El Rincon further responds that ESI's use of the term "construction" in the exhibit is not a judicial admission and that the phrase "adjacent construction operations" should be read in its entire context, which is "The adjacent construction operations had excavated 8 feet below grade. This exposed the foundation under El Rincon building." El Rincon argues that ESI's engineering report identifies excavation as the cause of the damage to El Rincon's property. El Rincon contends that the use of the term "construction" in its complaint and in ESI's engineering report is not a judicial admission.

■ We agree with El Rincon that the use of the term "construction" in the statements incorporated in its complaint and in the ESI engineering report does not amount to a judicial admission. A judicial admission is a deliberate, clear and unequivocal statement about a concrete fact within the party's knowledge. *Eidson*, 251 Ill. App. 3d at 195, 621 N.E.2d at 923; *Cleveringa*, 230 Ill. App. 3d at 844, 595 N.E.2d at 1203; *Hansen*, 155 Ill. App. 3d at 480, 508 N.E.2d at 303. We do not conclude that El Rincon's use of the term "construction" in its complaint and in the engineering report was deliberate, unequivocal and intended to be an admission of a fact. Moreover, El Rincon's use of the term "construction" is not sufficient to support the disposition of the issue that the property damage resulted from construction activities. Instead, the ordinary, plain meaning of the term "construction" must be determined.

■ FNMIC next argues on appeal that exclusion 3.b(2) is not ambiguous and excludes coverage for the El Rincon claim. Multiple interpretations of an insurance policy provision can create ambiguity. *Rohe v. CNA Insurance Co.*, 312 Ill. App. 3d 123, 127, 726 N.E.2d 38, 41 (2000). However, ambiguity is not created because controversy exists between the parties regarding the meaning of a provision. See

*General Insurance Co. of America v. Robert B. McManus, Inc.*, 272 Ill. App. 3d 510, 514, 650 N.E.2d 1080, 1083 (1995). An undefined term in an insurance policy is given its plain and ordinary meaning, which can be obtained from a dictionary. *Fremont Casualty Insurance Co. v. Ace-Chicago Great Dane Corp.*, 317 Ill. App. 3d 67, 74, 739 N.E.2d 85, 91 (2000). The standard used to determine whether an insurance policy is ambiguous is "what a reasonably prudent insured would understand the language to mean." *First Financial Insurance Co. v. Bugg*, 265 Kan. 690, 694, 962 P.2d 515, 519 (1998). We review a trial court's interpretation of an insurance policy *de novo*. *Christy-Foltz, Inc. v. Safety Mutual Casualty Corp.*, 309 Ill. App. 3d 686, 691, 722 N.E.2d 1206, 1211 (2000).

FNMIC contends that the activities occurring on the adjacent property that caused the property damage were construction activities, which is apparent from El Rincon's complaint in which it refers to the activities as "construction excavation operations." FNMIC argues that exclusion 3.b(2) excludes the property damage because the damage resulted from faulty or negligent construction work. FNMIC also argues that the plain language of the policy and exclusion 3.b(2) is not ambiguous and the policy does not provide for "excavation" coverage elsewhere. FNMIC reasons that because the word "excavation" was used elsewhere in section A.2.d of the policy does not mean that the term is not incorporated into the broad meaning of the term "construction" used in exclusion 3.b(2).

FNMIC further contends that the term "construction" encompasses any and all activities involved in the construction process, including excavations. FNMIC contends that the ordinary dictionary definition of the term "construction" should be applied in the instant case. FNMIC provides the dictionary definition of the term "construction," which is "the act of constructing or building something." Word Net, *"construction,"* at http://dictionary.reference.com/search?q= construction (last visited January 15, 2003). FNMIC argues that excavation activities involved in the construction of a building are included in the definition of the term "construction." If excavation activities were intended to be considered a separate activity excluded from coverage, FNMIC contends that the term "excavation" would have been included in exclusion 3.b(2). Instead, FNMIC contends that the broad, unrestricted term "construction" was used. FNMIC argues further that the trial court found ambiguity in the insurance policy where none existed and cannot impose restrictions to the wording of the insurance policy's exclusion that are not stated in the policy. See *O'Rourke v. Access Health, Inc.*, 282 Ill. App. 3d 394, 404, 668 N.E.2d 214, 221 (1996). FNMIC also contends that using the broad term

"construction," the insured is placed on notice that any aspect of construction that damages the insured's property is excluded. FNMIC further argues that the reasonable interpretation of exclusion 3.b(2) is that damage to an insured's property resulting from any and all construction activities is barred from coverage under the exclusion.

El Rincon responds that FNMIC's use of the term "excavation" elsewhere in the policy demonstrates FNMIC's awareness that "excavation" activities differ from "construction" activities and contradicts FNMIC's argument that the term "construction" encompasses "excavation." El Rincon provides the definition of the term "construction" as "the process, art, or manner of constructing something." Merriam-Webster Dictionary On-Line, "construction," at http://www.m-w.com/cgi-bin/dictionary?/book=Dictionary&va=construction (last visited on May 23, 2003). El Rincon also provides the dictionary definition of the term "excavation," which is "the action or process of excavating; a cavity formed by cutting, digging, or scooping." Merriam-Webster Dictionary On-Line, "excavation," at http://www.m-w.com/cgi-bin/dictionary?/book=Dictionary&va=excavation (last visited on May 23, 2003). El Rincon argues that, based on the definition of the terms "construction" and "excavation," it is not obvious that the two terms are synonymous or that one fits neatly inside the other. El Rincon also argues that FNMIC attempts to combine two distinct processes into one word. El Rincon points to the trial court's holding, which stated in part that "I do not believe that you can clump excavations and construction together. Those things happen in phases in terms of the work." El Rincon contends that since FNMIC listed instances that are excluded from coverage in exclusion 3.b(2), FNMIC's failure to include the term "excavation" indicates that "excavation" is not excluded from coverage under the policy terms. El Rincon further contends that since it is unclear what activities are excluded under the term "construction," exclusion 3.b(2) is ambiguous and therefore unenforceable.

■ We do not find El Rincon's arguments persuasive. We acknowledge that the policy includes the phrase "cost of excavations" under the section titled "Property Not Covered" and does not include the term "excavation" under the section titled "Exclusions." However, we consider the omission of the term "excavation" in exclusion 3.b(2) of little importance, and it does not render the policy ambiguous. The exclusion set forth in exclusion 3.b(2) provides that damages resulting from the faulty, inadequate, defective or negligent construction of part or all of any property on or off the described premises is excluded from coverage. The parties do not dispute that the construction excavation and operations activities occurring on the adjacent property and not on El Rincon's property caused the property damage to El Rincon's

property. The parties disagree, however, regarding the definition of the term "construction" and whether excavation activities are part of construction activities. We do not find the parties' contentions regarding the appropriate construction of the phrase "construction excavation and operations" of assistance. Rather, our conclusion regarding the meaning of the term "construction" is premised on a more authoritative dictionary definition of the term. The term "construction" is defined as "something built or erected." Webster's Third New International Dictionary 498 (1993). The term "excavation" is defined as "the action or process of excavating." Webster's Third New International Dictionary 791 (1993). The term "excavate" is defined as "to dig out and remove." Webster's Third New International Dictionary 791. (1993). Based on the plain, ordinary meaning of the term "construction," we conclude that a reasonable person would consider the construction process to encompass excavation activities. For instance, it is commonly understood that excavating activities are necessary to lay the foundation in the construction of a building. Since we conclude that the term "construction" includes excavation activities, the property damage resulting from the construction excavation operations on the adjacent property is excluded under the policy.

FNMIC next argues on appeal that the reasoning underlying decisions of other jurisdictions that found comparable exclusion language unambiguous should be adopted. FNMIC acknowledges that no court in other jurisdictions addressed the issue of whether the omission of the term "excavation" from the exclusion makes the exclusion ambiguous. FNMIC contends that other jurisdictions have held that the construction process includes multiple phases or parts and that we should be persuaded by the reasoning underlying those decisions. See *Capelouto v. Valley Forge Insurance Co.*, 98 Wash. App. 7, 990 P.2d 414 (1999); *Tzung v. State Farm Fire & Casualty Co.*, 873 F.2d 1338 (9th Cir. 1989); *Schultz v. Erie Insurance Group*, 754 N.E.2d 971 (Ind. App. 2001); *L.F. Driscoll Co. v. American Protection Insurance Co.*, 930 F. Supp. 184 (E.D. Pa. 1996), *aff'd*, 114 F.3d 1172 (3d Cir. 1997); *Kroll Construction Co. v. Great American Insurance Co.*, 594 F. Supp. 304 (N.D. Ga. 1984); *Brodkin v. State Farm Fire & Casualty Co.*, 217 Cal. App. 3d 210, 265 Cal. Rptr. 710 (Cal. App. 1989); *McDonald v. State Farm Fire & Casualty Co.*, 119 Wash. 2d 724, 837 P.2d 1000 (1992).

El Rincon in response contends that the cases from the other jurisdictions pointed to by FNMIC are nonbinding and irrelevant. El Rincon further contends that the cases are "faulty workmanship" cases, which is not at issue in the instant case.

We agree with El Rincon that the cases cited by FNMIC are nonbinding. Although the insurance policies at issue in the cases cited

by FNMIC contain excerpts of exclusion language similar to the language at issue in the instant case, the analyses in those cases focused on the phrase "faulty workmanship" or did not directly address the issue in the instant case. We are not persuaded by the cases cited by FNMIC and have not relied upon those cases in reaching our decision.

FNMIC's final argument on appeal is that there is no question of fact in the record that precludes granting summary judgment once the exclusion is found valid. FNMIC notes that the trial court raised the possibility that a question of fact may exist regarding whether the construction operations that allegedly caused the damage to El Rincon's property were performed negligently or were faulty. FNMIC contends, however, that El Rincon's complaint in these proceedings suggests the improper acts, omissions and errors of the construction excavation and operations caused the property damage. FNMIC contends that the trial court erred in not granting its motion for summary judgment.

El Rincon responds that FNMIC attempts to divert the court's attention to an ancillary issue and away from the issue of this appeal focusing on the interpretation of the exclusion. El Rincon contends that FNMIC must first overcome the finding that the exclusion language is ambiguous to prevail on its motion for summary judgment.

■ We conclude, however, that exclusion 3.b(2) is not ambiguous. We, therefore, now turn to address the issue of whether a genuine issue of material fact exists supporting the trial court's denial of FNMIC's motion for summary judgment. The granting of summary judgment is proper when there is no genuine issue of material fact. *Dakovitz v. Arrow Road Construction Co.*, 26 Ill. App. 3d 56, 59, 324 N.E.2d 444, 447 (1975); *Crooks Terminal Warehouses, Inc. v. American National Bank & Trust Co. of Chicago*, 83 Ill. App. 3d 693, 698-99, 404 N.E.2d 889, 894 (1980). We review the denial or granting of summary judgment *de novo. Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 349, 701 N.E.2d 493, 496 (1998).

■ We find of importance ESI's report prepared in conjunction with this litigation on behalf of El Rincon regarding the property damage, which is part of the record on appeal. We note the following excerpts from the ESI report: "ESI observed distress to the structure that appears to be caused by movement of the foundation by the adjacent construction"; "the adjacent construction operations were ordered to stop construction by the City of Chicago. However, there was [*sic*] backfilling operations occurring during the time of ESI's inspection"; "There were dangerous conditions caused by the adjacent

construction operations: damaged masonry walls, portions of walls left unsupported, a severely cracked parapet wall, and walls that had been impacted, etc."; "if the contractor will continue to have work progress in an unsafe manner"; and "if the work on the adjacent property continues to be done in the manner exhibited to date, ESI is concerned about the structural integrity of the El Rincon building." Based on a reading of the ESI report, we find no genuine issue of material fact regarding the negligent or faulty activities occurring on the adjacent property. The language of the ESI report amply supports the contention that the activities occurring on the adjacent property were not of the standard or quality expected of construction work. We conclude that no genuine issue of material fact exists sufficient to preclude summary judgment in favor of FNMIC.

■ El Rincon raises a final contention in its brief that FNMIC's interpretation of the policy renders the policy useless because it covers almost nothing. El Rincon contends that it made timely payments to FNMIC in exchange for a policy that offers no coverage. El Rincon further contends that in determining when coverage is appropriate, the court can consider a policyholder's reasonable expectations and the coverage intended by the insurance policy. *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 279, 592 N.E.2d 1031, 1034 (1992). El Rincon argues that it is unimaginable that El Rincon would purchase a multiple-peril policy from FNMIC with the expectation that there would be no coverage if the structure was damaged or destroyed by the acts of a third party on the adjacent property. El Rincon further argues that FNMIC's denial of coverage leaves one to wonder what the multiple-peril policy actually covers.

We find little merit to El Rincon's contentions. El Rincon's contentions amount to the "reasonable expectations" doctrine. The "reasonable expectations" theory provides that " '[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations.' " (Emphasis omitted.) *Zurich Insurance Co. v. Raymark Industries, Inc.*, 145 Ill. App. 3d 175, 191-92, 494 N.E.2d 634, 645 (1986), quoting *Keene Corp. v. Insurance Co. of North America*, 667 F.2d 1034, 1042 n.12 (D.C. Cir. 1981), aff'd, 118 Ill. 2d 23, 514 N.E.2d 150 (1987). "The 'reasonable expectations' doctrine is not recognized in Illinois." *Zurich Insurance Co.*, 145 Ill. App. 3d at 192, 494 N.E.2d at 645. However, we acknowledge the supreme court's statement in *Hoglund v. State Farm Mutual Automobile Insurance Co.*, which El Rincon cites, that exculpatory language must be read in conjunction with the insured's reasonable expectations relating to uninsured motorist coverage and in conjunction

with the public policy underlying the uninsured motorist statute. *Hoglund*, 148 Ill. 2d at 279, 592 N.E.2d at 1034. Even in light of *Hoglund*, we do not conclude that an insured purchasing a multiple-peril insurance policy whose operation consists of providing professional social services would expect coverage for damages resulting from construction excavation activities on an adjacent property by a contractor it did not hire. The policy purchased by El Rincon included coverage for general property, equipment breakdown, crime, bodily injury and property damage liability, social work, foster care and counseling liability, personal and advertising injury liability, nonowned and hired auto liability, fire and water damage legal liability and medical payments. We do not agree that concluding that the property damage falls within the exclusion leaves one to wonder what the multiple-peril policy actually covers. Coverage relating to property damage was only one portion of the total coverage provided by the multiple-peril policy. The policy provided some coverage for property damage but, as stated, excluded construction operations.

Accordingly, for all of the stated reasons, we reverse the trial court's order granting summary judgment in favor of El Rincon and denying FNMIC's motion for summary judgment, and we enter judgment in favor of FNMIC.

Reversed.

O'MARA FROSSARD, P.J., and SMITH, J., concur.