2020 IL App (2d) 200031-U
No. 2-20-0031
Order filed December 16, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| TERRY JANCO, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 17-LA-110 |
| | ) | |
| ALDEN TOWNSHIP, | ) | Honorable |
| | ) | Thomas Meyer, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where defendant township's highway commissioner testified he had no notice of unsafe road condition that caused plaintiff's injury, expert's affidavit and circumstantial affidavit were insufficient to create question of fact as to notice; summary judgment properly entered for defendant.

¶ 2    Plaintiff, Terry Janco, appeals from the entry of summary judgment in favor of defendant, Alden Township, contending that an issue of material fact existed as to whether defendant had notice of the unsafe condition of its roadway. For the reasons stated below, we affirm.

¶ 3                                   I. BACKGROUND

¶ 4     On April 16, 2016, plaintiff was riding on the rear of her husband Richard Janco (Janco)'s motorcycle as he drove eastbound on Nichols Road in McHenry County, Illinois. Janco struck a pothole at or near 15014 Nichols Road, resulting in injury to plaintiff's back.

¶ 5     The next day, April 17, 2016, Janco and his stepdaughter returned to the scene of the occurrence and took photographs. At his discovery deposition, Janco identified and initialed the pothole he struck on four of the photographs. Janco had not driven on Nichols Road before April 16, 2016, and did not know how long the pothole existed before he struck it

¶ 6     Plaintiff filed a complaint against defendant, alleging negligence (count I) and willful and wanton conduct (count II). Defendant's motion to dismiss count II pursuant to 735 ILCS 5/2-615 (West 2017) was heard and granted. Count I alleged that defendant's negligence in the repair and maintenance of Nichols Road, and failure to warn of a dangerous condition, caused plaintiff's injury.

¶ 7     Plaintiff called Bart Schnulle for a discovery deposition. Schnulle has been the highway commissioner for Alden Township since 2001 and is responsible for maintaining 37 miles of road in Alden Township. Every Monday, he drives all 37 miles of township road as part of his "road check" for hazardous road conditions. On April 11, 2016, he inspected the location surrounding 15014 Road as part of his weekly "road check" and observed no potholes at that location at the time of his inspection.

¶ 8     Schnulle testified that Nichols Road is a chip-and-seal roadway that lies within the maintenance jurisdiction of Alden Township. Chip-and-seal roads are made by spreading oil over pea stone and then packing it down. "There's no road base on those roads. It's chip seal on mud." Potholes are formed by moisture and traffic. Heavy farm equipment, in combination with post-

thaw moisture trapped under a chip-and-seal road surface, can produce potholes in a matter of "hours" or "days."

¶ 9    Schnulle did not reinspect the area around 15014 Nichols Road between April 11, 2016, and plaintiff's injury on April 16, 2016. Between April 11 and the next time Schnulle inspected the roads on April 18, 2016, no one contacted him to advise him of the conditions at or near 15014 Nichols Road that Janco photographed on April 17, 2016. No one made a complaint to Alden Township about the condition of Nichols Road, including potholes, in the five years prior to April 16, 2016.

¶ 10    Defendant moved for summary judgment on the basis that it had no duty to plaintiff because it did not have actual or constructive notice of the pothole that Janco struck on April 16, 2016. The only eyewitness evidence was Schnulle's testimony that the pothole was not present when he performed his "road check" on April 11, 2016.

¶ 11    Plaintiff was given leave to disclose an expert witness, Carl T. Chenoweth, together with his "Investigative Report," wherein he offered the opinion that the pothole that Janco struck was "likely formed and visible 2 to 3 weeks prior to the April 16, 2016, accident." In response to the summary judgment motion, plaintiff filed Chenoweth's Rule 191(a) affidavit with his Investigative Report attached. In his affidavit, Chenoweth again opined that the pothole was "likely formed and visible 2 to 3 weeks before April 16, 2016."

¶ 12    Defendant moved to strike the affidavit on the ground that it failed to comply with the requirement of Rule 191(a) that the affiant attach sworn or certified copies of all documents upon which he relied. On March 7, 2019, after hearing argument, the trial court denied both the motion to strike and the motion for summary judgment and allowed plaintiff's request to file an amended affidavit from Chenoweth. Plaintiff filed the amended, or second affidavit the same day, March

7, 2019. This affidavit omitted Chenoweth's complete Investigative Report but attached his curriculum vitae, Schnulle's deposition and exhibits, an affidavit from Richard Janco, and a 2017 "Average Daily Traffic (Map)" for Nichols Road from the Illinois Department of Transportation.

¶ 13 Chenoweth's opinion did not change in the second affidavit, which was based on the following information:

- The weather conditions, which Schnulle's "roadway diary" shows as an average high temperature of 58, an average low temperature of 36, and no rain events between April 11 and 16, 2016;

- The average traffic conditions per the Illinois Department of Transportation showing average daily traffic as 150 vehicles.

- The visible traffic pattern alterations in attached photographs [taken on April 17, 2016,] which show the westbound traffic had shifted to the north and eastbound traffic had shifted to the south "for some time before the photographs were taken"; and

- Attached photographs [taken April 17, 2016,] indicating that gravel fill was placed in the defective pavement areas.

¶ 14 In April 2019, defendant responded to certain requests to admit. Defendant admitted the genuineness of copies of an April 2016 weather report for the Greater Rockford Airport and Schnulle's road diary. Defendant also admitted that Schnulle kept his road diary in the ordinary course of his business but denied that the diary entries between April 11 and April 18, 2016, were made daily and on the same day as the information was recorded.

¶ 15 Defendant also moved for certification pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017) as to the requirements of Rule 191(a) affidavits. On August 27, 2019, prior to the

hearing on this motion, the trial court stated that its decision to deny the motion to strike Chenoweth's affidavit was wrong. The court entered an order (1) vacating its March 7, 2019, order that denied both the motion to strike and motion for summary judgment; (2) finding that the motion to strike was rendered moot because plaintiff elected to withdraw Chenoweth's original affidavit; and (3) granting plaintiff's motion to file an amended affidavit. Defendant withdrew its motion for certification.

¶ 16    The parties and the trial court proceeded as though Chenoweth's amended affidavit of March 7, 2019 had been refiled in opposition to defendant's motion for summary judgment. Defendant moved to strike this affidavit, again for failure to comply with Rule 191(a). On October 16, 2019, the court struck Chenoweth's second affidavit, finding that it violated Rule 191 because it failed to explain how the facts he identified supported his ultimate opinion that the pothole was likely formed two to three weeks prior to April 16, 2016.

¶ 17    The court then allowed plaintiff to file a five-page sur-response to defendant's motion for summary judgment. The court stated that it would allow plaintiff to incorporate defendant's responses to her requests to admit facts in an "attempt to argue around" the court's striking Chenowith's affidavit; however, if plaintiff wished to take Chenoweth's deposition, the court would not permit plaintiff to incorporate his testimony into her sur-response absent a written motion and leave of the court.

¶ 18    Plaintiff's sur-response was filed on October 31, 2019, and argued that defendant's motion for summary judgment should be denied on factual grounds without Chenoweth's affidavit. It also attached a third affidavit from Chenoweth that left the substance of his opinion unchanged but incorporated the April 2016 weather report for the Greater Rockford Airport. As bases for Chenoweth's opinion, the third affidavit omitted any reference to traffic volume, "visible

alterations of traffic patterns," and "gravel fill" in the defective pavement. Rather, the opinion was "based primarily" on the reported weather conditions that showed no rain, snow, or significant temperature changes from April 11 through April 17, 2016.

¶ 19    The trial court struck Chenoweth's third affidavit from plaintiff's sur-response, stating that, in allowing the sur-response, it contemplated giving plaintiff an opportunity to draft an argument without reliance on Chenoweth, not an opportunity "for Chenoweth to give [the court] another opinion." The court further stated that it had looked at what the affidavit had to say and thought it was "ultimately all speculation anyway."

¶ 20    On December 10, 2019, the trial court granted defendant summary judgment as a matter of law, finding that there was no evidence that defendant had notice of the pothole prior to the occurrence. The court found that Schnulle's testimony that the pothole did not exist on April 11, 2016, was unrebutted and that, ultimately, the court would have to rely on speculation in order to come to a conclusion contrary to the only factual testimony it had.

¶ 21    Plaintiff timely appealed from the December 10, 2019, orders granting defendant's motion to strike Chenoweth's affidavit and granting defendant's motion for summary judgment and entering judgment in favor of defendant.

¶ 22                                    II. ANALYSIS

¶ 23    Defendant is a "local public entity" as defined by section 1-206 of the Tort Immunity Act (745 ILCS 10/1-206 (West 2016)). Section 3-102(a) codifies the common law duty of a local public body to maintain its roads in a reasonable safe condition. 745 ILCS 10/3-102(a) (West 2016); *Perfetti v. Marion County*, 2013 IL App (5th) 110489, ¶18. As provided in section 3-102(a), a local public entity "shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably

adequate time prior to an injury to have taken measures to remedy or protect against such condition." The burden of proving notice is on the party charging notice. *Burns v. City of Chicago*, 2016 IL App (1st) 151925, ¶34.

¶ 24                                     A. Original Affidavit

¶ 25     Plaintiff first contends that the trial court's ruling on March 7, 2019, denying defendant's motion to strike Chenoweth's affidavit and motion for summary judgment, was correct and that the court erred in reversing itself on August 27, 2019, "because Chenoweth's first affidavit conformed with SCR 191." Our review is *de novo*. See *National Tractor Parts, Inc. V. Caterpillar Logistics Inc.*, 2020 IL App (2d) 181056, ¶73 ("When a trial court rules on a motion to strike [an] affidavit[] in conjunction with a motion for summary judgment, we review the court's ruling on the motion to strike the affidavit[] on a *de novo* basis.").

¶ 26     Plaintiff withdrew Chenoweth's original affidavit on August 27, 2019, when she filed his amended affidavit, and the amended affidavit did not refer to or adopt the original; accordingly, she has effectively abandoned the original affidavit. See *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154 (1983) ("Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn (internal quotation marks omitted)."); *Blair v. Sennott*, 134 Ill. 78, 85 (1890) ("When the amended affidavit was filed, proceeding under the original affidavit was by that act abandoned."). Because Chenoweth's original affidavit is out of contention, any points regarding it or the propriety of the March 7, 2019, order will not be considered on appeal.

¶ 27    Defendant's argument that plaintiff forfeited review of the orders of March 7, 2019, and August 27, 2017, by failing to list them in her notice of appeal is rendered moot by plaintiff's abandonment of the first affidavit.

¶ 28                                B. Second Affidavit

¶ 29    Next, plaintiff argues that the trial court erred in striking Chenoweth's second affidavit. According to plaintiff, the affidavit complied with Rule 191 because it attached documents on which Chenoweth relied, including Schnulle's entire discovery disposition with exhibits and specific materials from Chenoweth's Investigative Report.  The trial court, however, struck the second affidavit as violative of Rule 191 because it failed to explain how the facts that Chenoweth identified supported his ultimate opinion that the pothole was likely formed two to three weeks prior to April 16, 2016.

¶ 30    Rule 191(a) requires that an affidavit submitted in opposition to a motion for summary judgement shall (1) be made on the personal knowledge of the affiant; (2) set forth with particularity the facts on which the claim, counterclaim, or defense is based; (3) attach sworn or certified copies of documents the affiant relied on; and (4) not consist of conclusions but of facts admissible in evidence.  Ill. S. Ct. R.191(a) (eff. Jan. 4, 2013); *Berke v. Manilow*, 2016 IL App (1st) 150397, ¶20.

¶ 31    The opinion of an expert is only as valid as the bases for that opinion. *Perona v. Volkswagen of America, Inc.*, 2014 IL App (1st) 130748, ¶ 51.  In order to be considered by the trial court, an affidavit cannot contain unsupported assertions or conclusory statements. *Madden v. F.H. Paschen*, 395 Ill. App. 3d 362, 387 (2009).  Although an affidavit submitted by a party in opposition to a motion for summary judgment should be liberally construed (*Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008)), it must nonetheless strictly comply with the requirements

of Rule 191 to be considered by the court. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 336 (2002). Strict compliance with the rule's requirements is essential because an affidavit submitted in the context of summary judgment proceedings serves as a substitute for trial testimony, and, unlike a trial witness, is not subject to cross-examination. *Id.* at 338. The rule is designed "to insure that trial judges are presented with valid evidentiary facts upon which to base a decision." (Internal quotation marks omitted.) *Robidoux*, 201 Ill. 2d at 336.

¶ 32    Reviewing courts have analyzed a circuit court's decision whether to strike a Rule 191 affidavit under both an abuse of discretion standard and a *de novo* standard. See *Brettman v. Virgil Cook & Son, Inc.* 2020 IL App. (2d) 190995, ¶¶ 54-55 (favoring *de novo* review when a court strikes an affidavit in conjunction with its summary judgment ruling). We need not weigh in on this dispute, however, as our result would be the same under either standard of review. *Id*. ¶ 56.

¶ 33    Chenoweth's second affidavit lists facts but without explaining why they provide bases for his conclusion that the subject pothole was "likely formed and visible 2 to 3 weeks prior to the April 16, 2016, accident." For example, the affidavit merely recites that Schnulle's roadway diary shows an average high temperature of 58, an average low temperature of 36, and no rain events between April 11 and 16, 2016. The affidavit is silent as to how and why weather conditions are a factor in the development of the pothole identified in Richard Janco's photographs, and how and why the cited conditions establish that this pothole was formed and visible two to three weeks prior to the accident. Nor does the affidavit address the impact of weather conditions on pothole development in a chip-and-seal roadway such as Nichols Road.

¶ 34    The affidavit also states that average daily traffic count projections per the Illinois Department of Transportation show 150 vehicles using the roadway at the accident site. However, it does not discuss what impact, if any, 150 vehicles per day might have on the development of

potholes and, specifically, in a chip-and-seal roadway. Nor does the affidavit shed light on what types of vehicles, including heavy farm equipment, might be using Nichols Road. The affidavit also fails to mention that the cited traffic projection is for 2017, a fact that likely renders the map inadmissible at trial as not probative of vehicle volume in April 2016.

¶ 35    Chenoweth's conclusion that the pothole was "likely formed and visible 2 to 3 weeks before April 16, 2016," is further based on "visible alterations of the traffic patterns in the attached photographs which show that westbound traffic had shifted to the north and eastbound traffic had shifted to the south for some time before the photographs were taken." As defendant points out, the statement that traffic had shifted for "some time" prior to the accident is meaningless. See *Lewis v. Rutland Township*, 359 Ill. App. 3d 1076, 1079 (2005) (statement in Rule 191(a) affidavit that defect in road must have been there for "some time" was meaningless, as "some time" could mean "5 minutes, *** 15 years, or *** any time at all").

¶ 36    Additionally, Chenoweth's opinion is based, in part, on the photographic evidence that gravel fill was placed in the pothole. The affidavit does not specify which of the attached photographs Chenoweth is referencing or why the placement of gravel fill supports his conclusion as to the age of the subject pothole.

¶ 37    We conclude that the trial court correctly struck the second affidavit as violative of Rule 191(a)'s requirements that it must set forth with particularity the facts supporting the claim that defendant had sufficient notice of the defective roadway condition and must consist of facts admissible in evidence, not conclusions.

¶ 38                                  C. Third Affidavit

¶ 39    Plaintiff challenges the trial court's order of December 10, 2019, striking the third Chenoweth affidavit, arguing that the affidavit was "timely and substantively complied with [Rule

191].″ Preliminarily, we note plaintiff's failure to cite legal authority for her position, thereby forfeiting her argument. *Hollenbeck v. City of Tuscola*, 2017 IL App (4th) 160266, ¶28. Forfeiture aside, plaintiff's argument lacks merit.

¶ 40    According to plaintiff, the affidavit was timely because expert discovery remained open and the affidavit did not disclose a new opinion but, rather, incorporated "newly admitted facts," namely, defendant's admissions as to the genuineness of copies of an April 2016 weather report for the Greater Rockford Airport and Schnulle's road diary. Defendant counters that the affidavit was untimely even if expert discovery remained open because plaintiff was "not permitted to submit additional expert evidence to rebut summary judgment absent a well-supported written motion and leave of the court."

¶ 41    Plaintiff maintains that our standard of review continues to be *de novo*, as the third affidavit, like the first and second affidavits, was submitted in response to the motion for summary judgment. Plaintiff cites *U.S. Bank National Association v. Advic*, 2014 IL App. (1st) 121759, ¶ 17, for this proposition. Defendant contends that the reviewing standard should be abuse of discretion, because a trial court has the discretion "to strike and not consider late-filed evidentiary materials when ruling on a motion for summary judgment." Defendant cites *Robidoux v. Oliphant*, 201 Ill. 2d 324, 347 (2002) (affirming the trial court's striking of a supplemental expert affidavit that was filed with the plaintiff's motion for reconsideration).

¶ 42    We tend to agree with defendant that at issue is not whether expert discovery remained open when she filed the third affidavit but, rather, whether the trial court reasonably denied plaintiff leave to submit additional evidence from Chenoweth in opposition to the motion for summary judgment. The court clearly admonished plaintiff that while she could incorporate defendant's responses to her requests to admit facts into her sur-response, she was not permitted

to incorporate additional testimony from Chenoweth absent a written motion and leave of the court. As plaintiff asserts, the third affidavit does not disclose a new opinion; moreover, the "newly admitted facts" were previously presented to the court in the second affidavit. Accordingly, by including the third affidavit in her sur-response, plaintiff was effectively asking the court to reconsider its earlier rulings, which the court was not obliged to do. *Robidoux*, 201 Ill. 2d at 347.

¶ 43 We need not resolve, however, the question of which standard of review to apply, as plaintiff cannot prevail under either standard. The third affidavit does not cure the failings of its predecessor. Chenoweth now cites the weather conditions reported in Schnulle's diary and the "climatological data obtained from the Greater Rockford Airport," a location thirty-seven miles away from 15014 Nichols Road, as the "primary" bases for his opinion that "the potholes depicted in the photographs *** were more likely than not present before April 11, 2016." But in the place of factual particularity, he offers conclusory statement: "there were no significant temperature changes to facilitate a 7-day deterioration of roadway in order to form 'potholes' as large as depicted in [the photographs]," and "moisture from rain and snow is a necessary element in the formation of potholes," the lack of which "on the days specified makes it more likely than not that the potholes were present before April 11, 2016." See *Madden v. Paschen*, 395 Ill. App. 3d 362, 387 (2009) ("an affidavit will be stricken under Rule 191(a) to the extent that it contains unsupported assertions and *** conclusory statements").

¶ 44 Ultimately, we agree with the trial court's characterization of the third affidavit as "speculation," and find no error in the court's striking it for failure to comply with Rule 191(a).

¶ 45 D. Summary Judgment

¶ 46 Finally, plaintiff contends that a genuine issue of material fact as to constructive notice exists even in the absence of Chenoweth's affidavit.

¶ 47     Summary judgment is appropriate when "the pleadings, depositions, and admissions on record, together with [any] affidavits, *** show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). Our review is *de novo*, and we may affirm summary judgment on any basis in the record. *In re Estate of Case*, 2016 IL App (2d) 151147, ¶25.

¶ 48     In this case, the dispositive issue of material fact is whether defendant had constructive notice of the unsafe condition of Nichols Road in reasonably adequate time prior to plaintiff's injury to have taken measures to remedy or protect against such condition. The only direct evidence on file relevant to notice is Schnulle's deposition testimony that the defects apparent in Janco's April 17, 2016, photographs did not exist when he inspected the road on April 11, 2016. Plaintiff contends that she presented sufficient circumstantial evidence to create an issue of fact as to constructive notice. Circumstantial evidence is:

> "the proof of certain facts and circumstances from which a fact finder may infer other connected facts that usually and reasonably follow according to the common experience of mankind. [Citation.] Circumstantial evidence may be used to establish facts necessary to a claim, but is sufficient only when it shows the probability of the existence of the fact. The circumstantial facts must be of such a nature and so related as to make the conclusion reached the more probable, as opposed to possible, one. [Citations.]" *Wrobel v. City of Chicago*, 318 Ill. App. 3d 390, 397-98 (2000).

¶ 49     In essence, plaintiff's contention is that the information relied upon by Chenoweth to support his opinion is sufficient to create the inference that "more likely than not the pothole existed for much longer than six days." Plaintiff references as circumstantial evidence: (1) the photographs, which show the deterioration of the roadway and loose gravel in and around the

pothole; (2) Schnulle's testimony that sometimes he uses gravel to fill potholes; (3) Schnulle's testimony that potholes are caused by moisture and traffic; and (4) Schnulle's roadway diary and the weather report from the Greater Rockford Airport showing no rain or snow between April 11 and 16, 2016.

¶ 50    We note that plaintiff relies primarily on lack of reported moisture as a basis for inferring that the pothole existed prior to Schnulle's inspection on April 11, 2016. This reliance is selective. Schnulle listed moisture *and* traffic as factors in the formation of potholes. Plaintiff does not address Schnulle's testimony that heavy farm equipment, in combination with trapped post-thaw moisture, would have created the pothole in mere hours or days.

¶ 51    The information Chenoweth cited proved inadequate to support his expert opinion that the pothole was likely formed two to three weeks prior to April 16, 2016. For the reasons stated in our analysis of the affidavits, we are unpersuaded that the same information, viewed as circumstantial evidence, shows more than a possibility that the potholes existed prior to Schnulle's inspection on April 11, 2016.

¶ 52    Given the absence of a question of fact as to notice, we will not disturb the order granting defendant's summary judgment motion.

¶ 53                                III. CONCLUSION

¶ 54    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 55    Affirmed.